CITY OF LORAIN, APPELLEE, *v.*
WRIGHT, APPELLANT.

(No. 3513—Decided October 13, 1983.)

*Mr. Gustalo Nunez*, city prosecutor, and *Mr. Myron Harkacz*, for appellee.
*Mr. Phillip P. Taylor*, for appellant.

GEORGE, J. The defendant, David Wright, appeals from a judgment of conviction for the crime of disorderly conduct by intoxication, in violation of Lorain Ordinance 509.08(a)(2).

A review of the record reveals the following. On April 23, 1983, the police department received a phone call from Wright's brother, stating that Wright had a gun and intended to shoot his estranged wife. The police responded by going to Mrs. Wright's residence. There they were informed by Mrs. Wright that Wright had been there earlier in the day doing repair work on several cars, including Mrs. Wright's. She further told the police that Wright and his brother had been drinking and that she had asked them to leave. She invited the brothers to return in the morning to finish the repair work. She then stated that she did not know where they were. As to the report that Wright had a gun, Mrs. Wright stated that Wright's brother could not be believed when he was drunk. After this discussion, the police left.

Not long after this, the police received a second phone call. According to the police, Mrs. Wright reported that Wright was again on her property in his car,

passed out. She stated that she did not want him there in his drunken condition. Upon arrival at Mrs. Wright's, the police found Wright asleep in his car. The car was jacked up and inoperable. The police then awoke Wright to determine where he might be taken. There is no evidence that Wright acted in an unruly or violent manner when confronted by the police. After determining that Wright had no place to go, the police took him to jail and charged him with disorderly conduct by intoxication.

At the trial, Mrs. Wright testified that she had not phoned the police and that, although she did not want Wright in her home, she was not opposed to his sleeping in his car in her driveway. The trial court chose to believe the account that the police gave and found Wright guilty. Wright was fined one hundred dollars, seventy-five of which were suspended, conditioned upon one year of good behavior.

## Assignment of Error

"The trial court erred in finding the appellant guilty of disorderly conduct when the only activity the appellant had been guilty of was sleeping."

The state asserts that Wright cannot demonstrate his error because he failed to provide a complete record. This case was tried before the trial court and the proceedings were recorded on videotape. App. R. 9(A) provides that when such means are used, Wright is required to transcribe those portions necessary to determine the question presented and attach such transcript to his brief. This was not done in this case. However, M. C. Sup. R. 8(B) provides that a written transcript need not be provided where the issue on appeal is that the judgment is against the manifest weight of the evidence.

Wright's assignment of error is essentially one of the manifest weight of the evidence. Wright claims that there is no evidence to support a finding that he com-

mitted the crime of disorderly conduct. Therefore, for purposes of this appeal, the record in its videotape form is sufficient to demonstrate the error claimed.

Turning now to Wright's assignment of error, Lorain Ordinance 509.08(A)(2) provides:

"No person, while voluntarily intoxicated shall

"* * *

"Engage in conduct or create a condition which presents a risk of physical harm to himself or another, or to the property of another."

The trial court determined that sleeping in an inoperable motor vehicle while intoxicated was not safe for Wright. However, the evidence fails to indicate what risk was created by Wright's conduct which warranted a conviction for disorderly conduct with its attendant criminal sanction.

In contrast, one may be convicted if, while intoxicated, he does any act hazardous to himself or creates any condition hazardous to himself. The Committee Comment to R.C. 2917.11 explains the scope of the statutory language:

"* * * Thus, it is not a violation of this section for a person to get drunk and pass out in his own home, provided he doesn't unreasonably offend others or pose a danger to himself or another person. It is a violation if he imbibes too much and, while in public or with others, becomes offensively noisy, coarse, or aggressive, or becomes uncontrollably nauseated between the entree and dessert. It is also a violation if, when alone and drunk or under the influence of drugs, he attempts a tightrope act on a bridge parapet or curls up to sleep in a doorway in freezing weather."

As noted above, the law focuses, not on the drunken state of the accused, but rather upon his actions while drunk. Thus, once intoxicated, Wright must use whatever care he possesses to act safely. Here, Wright simply climbed into his car, locked the doors and fell asleep. It would appear that he performed the safest act available to him at the time. The record does not support the conclusion that Wright's act, sleeping in his car, created a risk of physical harm to him.

The city urges that Mrs. Wright did not want Wright on her property while he was intoxicated. However, the fact that one might be subject to prosecution for a trespass does not likewise make him subject to prosecution for disorderly conduct.

Absent evidence which would establish that Wright's conduct created a condition which presented a risk of physical harm to himself, the conviction must be reversed.

Accordingly, the conviction of disorderly conduct by reason of intoxication is reversed and final judgment is entered for Wright.

*Judgment reversed.*

QUILLIN, P.J., and MAHONEY, J., concur.