THE STATE OF OHIO, APPELLEE, *v.* BROUGHTON, APPELLANT.

(No. CA88-02-020—Decided June 30, 1988.)

*George E. Pattison,* prosecuting attorney, and *Lawrence R. Fisse,* for appellee.

*Rosenhoffer, Nichols & Schwartz* and *Gary A. Rosenhoffer,* for appellant.

*Per Curiam.* This is an appeal by defendant-appellant, Kimberly Broughton, from her Clermont County Court conviction of disorderly conduct.

On December 6, 1987, a complaint was filed in the Clermont County Court alleging appellant, while voluntarily intoxicated earlier that day, "did engage in conduct likely to be offensive/cause inconvenience, annoyance [or] alarm to persons of ordinary sen-

sibilities * * *." An affidavit filed along with the complaint by Deputy Larry S. Crooks, the arresting officer, alleged appellant, while extremely intoxicated, cursed, taunted, and challenged police officers and patrons of Vic's Brew and Cue, and persisted in that offensive conduct despite being warned on several occasions to desist.[1]

Appellant entered a plea of not guilty to the charge and the case proceeded to a bench trial on January 12, 1988. After hearing the evidence and the argument of counsel, the court found appellant guilty and fined her $20 and costs. This appeal followed.

In her brief, appellant lists a single assignment of error which states:

"The finding of guilty entered herein is contrary to law and/or against the manifest weight of the evidence."

In support of this single assignment of error, appellant provides three arguments. They are: (1) the complaint was defective, (2) the state failed to prove appellant engaged in conduct which was offensive to persons of ordinary sensibilities, and (3) the state failed to prove appellant was *voluntarily* intoxicated.

Appellant's first argument is that the complaint against her is defective because it failed to allege the specific statutory subsection, *i.e.*, either R.C. 2917.11(B)(1) or (B)(2), she was accused of violating. We disagree.

The complaint *sub judice* alleged a violation of R.C. 2917.11(B), and used language to describe appellant's unlawful conduct which followed R.C. 2917.11(B)(1). We find the complaint's substance was sufficient to inform appellant that she was charged with a violation of R.C. 2917.11(B)(1). Since the purpose of a criminal complaint is to inform the accused of the identity and essential facts constituting the offense charged, Crim. R. 3; *State v. Burgun* (1976), 49 Ohio App. 2d 112, 115-118, 3 O.O. 3d 177, 179-180, 359 N.E. 2d 1018, 1021-1022; *State v. Davis* (Feb. 10, 1986), Preble App. No. CA85-09-017, unreported, and since the instant complaint meets those requirements, we find it was not defective.

Appellant next argues she should not have been convicted of disorderly conduct because there were no persons of ordinary sensibilities at Vic's Brew and Cue for her to offend. We find this claim irrelevant and misleading.[2]

The record before us shows that in addition to appellant, there were seven other persons at Vic's Brew and Cue when police arrived. Before these people, appellant undertook a course of conduct which included insulting the police, interfering with their investigation of the trouble call, and finally taking a drunken swing at someone.

Appellant reads R.C. 2917.11(B)(1) to require both that persons of ordinary sensibility be present at Vic's Brew and Cue and that they be offended by appellant's conduct in order for her conviction to be proper. This is both a strained reading of R.C. 2917.11(B)(1) and an attempt to have us construe it in such a manner as to render it unconstitutional by making

---

[1] While Crooks' affidavit alleges appellant persisted in disorderly conduct after she was given a reasonable warning to desist, no such allegation is found in the complaint.

[2] A major flaw in this argument is that it blurs the distinction between tortious and criminal conduct. While the two bodies of law are related, they are not identical. What may be a crime need not be a tort and what is a tort need not be a crime. Prosser & Keeton, Law of Torts (5 Ed. 1984) 7-8, Section 2; LaFave & Scott, Criminal Law (1972) 10-14, Section 3.

its prohibition turn on the peculiar sensibilities of the patrons of each drinking establishment within this state.[3]

The record shows that appellant, while intoxicated and in the presence of two or more persons, engaged in conduct which was offensive or annoying to persons of ordinary sensibilities. It is the conduct which is offensive or annoying to persons of ordinary sensibilities during a state of intoxication that R.C. 2917.11(B)(1) forbids. Since appellant engaged in such conduct while intoxicated, regardless of whether it offended her fellow patrons, her conduct is proscribed by R.C. 2917.11(B)(1) and her second argument is without merit.

Finally, appellant argues the state failed to prove she was "voluntarily" intoxicated.

R.C. 2917.11(B)(1), the statute appellant was convicted of violating, provides:

"No person, while voluntarily intoxicated shall do either of the following:

"(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive, or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if he were not intoxicated, should know is likely to have such effect on others[.]"

Our reading of this statute, the legislative comment connected with it, and *Lorain* v. *Wright* (1983), 11 Ohio App. 3d 200, 202, 11 OBR 296, 297, 463 N.E. 2d 1298, 1300, leads us to conclude that R.C. 2917.11(B)(1) is not so much concerned with proscribing voluntary intoxication as it is with forbidding the conduct described in subsections (1) and (2) by persons who

are intoxicated. Thus, we are not persuaded that "voluntary" intoxication is an essential element of an R.C. 2917.11(B)(1) prosecution. Appellant could assert involuntary intoxication as an affirmative defense.

Even if we were to assume *arguendo* that voluntary intoxication is an essential element of an R.C. 2917.11(B)(1) offense, appellant would nevertheless be guilty on the record before us for two reasons: (1) because circumstantial evidence can be used to prove appellant's voluntary intoxication, and (2) because R.C. 2917.11(D) permits the trier of fact to infer voluntary intoxication.

As to the first basis for our conclusion, the evidence before us shows that police found appellant inside a bar, sitting on a bar stool from which she kept falling, all the while bearing the classic indicia of intoxication. We deem this sufficient circumstantial evidence of intoxication to permit the trier of fact to conclude beyond a reasonable doubt that appellant was "voluntarily" intoxicated.

With respect to our second basis for our conclusion, we find R.C. 2917.11(D) provides that, when to an ordinary observer another person appears to be intoxicated, the observer is entitled to conclude this other person is voluntarily intoxicated for purposes of R.C. 2917.11(B).

In view of R.C. 2917.11(D) and the above-related circumstances, we hold the trier of fact could reasonably conclude beyond a reasonable doubt that appellant had voluntarily brought herself to the state of intoxication Crooks observed. For these reasons, appellant's third argument has no merit.

Having overruled all three of ap-

---

[3] A Cincinnati ordinance using such a subjective standard was held to be unconstitutionally vague seventeen years ago in *Coates* v. *Cincinnati* (1971), 402 U.S. 611.

pellant's arguments in support of her sole assignment of error, we overrule that assignment and affirm her conviction.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.