[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Lucas County Court of Common Pleas. This appeal arises from appellant's convictions for grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1), and possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(b).
In September 1996, appellant temporarily stayed at the home of Jeannette Winklejohn. Winklejohn testified she allowed appellant to use her car once so that he could fix it. She gave appellant the keys to the car. Although the car was repaired, appellant did not return it directly to the owner. Instead, Winklejohn found it parked on a street that was not near her home or work. She used a second set of keys to retrieve her car. Appellant never returned the keys to her. Winklejohn filed charges for unauthorized use of a motor vehicle against appellant. Although appellant was arrested, the owner was not able to recover the keys while appellant was in custody.
On October 4, Winklejohn drove to work at a taxi company and parked her car in front of the building. A radio dispatcher saw an orange car drive by slowly. He testified he saw appellant crawl through the driver's side window and drive away. The dispatcher telephoned the police and notified the owner by radio. The dispatcher recognized appellant because Winklejohn had shown him pictures of appellant a week before. At trial, the dispatcher testified that appellant wore his hair short both at the time of the theft and trial. Appellant's mother testified, however, that appellant wore his hair much longer at the time of the theft than at trial.
Winklejohn recovered her car in Detroit, Michigan on October 17, 1996. The steering column was stripped. Inside, the owner found a wallet containing a New York drivers license of "Kevin Bryant" and one of her checks made out to Kevin Bryan. She testified that the signature on the check was not hers. She also found a piece of paper with the her place of employment and business telephone number, appellant's name, a description of the owner's car, and a notation, "orange car drop him off at 3 AM". A jury found appellant guilty of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1).
On November 2, 1996, two Toledo Police officers responded to a complaint at a carry-out store. They found a car in the parking lot blocking the entrance drive to the store. Inside, they discovered appellant passed out and slumped over the steering wheel. The ignition was turned off, but the motor was warm as if it had been operated recently. The keys were in appellant's lap. Appellant did not wake up when the officers knocked on the windows. The officers opened the door and tried to shake appellant awake, but he was incoherent and could not respond to their questions. The officers arrested appellant for disorderly conduct and intoxication. When the police searched appellant incident to the arrest, they found cocaine and a crack pipe.
Appellant was indicted for possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(b), a felony of the fourth degree. The trial court denied appellant's motion to suppress the evidence discovered as a result of the search incident to the arrest. Appellant entered a plea of no contest to the charges in the indictment.
The trial court sentenced appellant to serve a term of twelve months incarceration for the grand theft auto conviction, to be served consecutively with a twelve month sentence for possession of cocaine. On September 18, 1997, we consolidated the cases for appeal. Appellant appeals the convictions and sentences, setting forth the following assignments of error:
 "I. THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "II. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY THAT COUNSEL'S FAILURE TO ADEQUATELY SAFE GUARD APPELLANT'S INTEREST, A VIOLATION OF DUE PROCESS.
 "III. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF CRIMINAL ACTS OF THE APPELLANT WHICH WERE NOT PROPERLY ADMITTED IN COMPLIANCE WITH OHIO REVISED CODE 2945.59, AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW.
 "IV. THE TRIAL JUDGE ABUSED HIS DISCRETION AND VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW, PURSUANT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND STATE OF OHIO.
 "V. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS AND PROTECTION FROM UNLAWFUL SEARCHES PURSUANT TO THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND THE STATES (sic) OF OHIO WHEN IT DID NOT GRANT APPELLANT'S MOTION TO SUPPRESS."
In his first assignment of error, appellant contends that the verdict finding him guilty of grand theft of a motor vehicle was against the manifest weight of the evidence. In particular, appellant points to the lack of proof of a vehicle registration or title to demonstrate that Winklejohn owned the car. Appellant also suggests the verdict is against the manifest weight of the evidence to identify appellant as the perpetrator at the time the car was stolen.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."
Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
55 Ohio st. 2d 2612925.03 Appellant was convicted of theft under R.C.2913.02, 2925.03 which states:
 "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any way of the following ways:
 "(1) Without the consent of the owner or person authorized to give consent; * * * *
 "(B) * * * If the property stolen is a motor vehicle * * *, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree. * * *"
The greater amount of credible evidence supports the jury's verdict finding appellant guilty of grand theft of a motor vehicle beyond a reasonable doubt. The prosecution did not need to produce a certificate of title or ownership because title ownership in a specific person other than the defendant is not an element of a theft offense. In a prosecution for theft of a motor vehicle, the prosecution does not need to produce the certificate of title to prove that a person deprived of a motor vehicle is its owner. State v. Rhodes, (1982), 2 Ohio St.3d 74, syllabus.
The manifest weight of the evidence supports the jury's verdict that appellant was the person who stole the car. The dispatcher at the taxi company testified that he saw appellant take the car. He reported it immediately to both the owner and the police. When the owner recovered her car, she found a piece of paper containing appellant's name. Among other references, the paper referred to an orange car, which the dispatcher saw drive by immediately before he saw appellant crawl into the car.
That dispatcher recognized appellant from photos he had seen the week before. He identified appellant in the courtroom as the person who took the car on October 4, 1996.
It was the jury's role to consider credibility and to weigh any conflicts in evidence raised by the testimony of appellant's mother challenging the accuracy of the dispatcher's description of appellant's hair at the time of the offense. Based upon our review of the record, we agree with the jury's resolution of conflicting testimony, and find the manifest weight of the evidence supports a finding that appellant committed the offense.
Likewise, the fact that the car was found with a stripped or peeled steering column two weeks after it was stolen does not mean that the verdict was against the manifest weight of the evidence. Just because appellant had keys to the car at one time is not relevant to who stripped the steering column or when in light of other evidence.
We are unable to conclude the jury lost its way or created a miscarriage of justice in finding appellant guilty of theft of a motor vehicle. Accordingly, appellant's first assignment of error is found not well-taken.
Appellant asserts in his second assignment of error that he was denied the right to effective assistance of counsel because his trial counsel did not move for an acquittal under Crim.R. 29 and did not object to a jury instruction and hearsay evidence.
The standard for evaluating an ineffective assistance of counsel claim has been defined by the Supreme Court of Ohio, as follows:
 "(2)Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. * * *
 "(3) To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
State v, Bradley (1989), 42 Ohio St.3d 136, syllabus paragraphs two and three.
There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id., at 142. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. Counsel will not be deemed ineffective merely because a defendant is convicted instead of acquitted. State v. Hunt (1984),20 Ohio App.3d 310, 311.
Other than to provide references to transcript pages, appellant has not explained why certain testimony is alleged inadmissible hearsay. Of the seven referenced pages, three pages have testimony about what the owner learned from law enforcement or court officials in trying to recover her car: that it was in Detroit and that she could not recover her car keys while appellant was in custody for unauthorized use of her car. The fact that the witness phrased her testimony with the words, "they said", does not change the fact that the owner was testifying as to what she knew while trying to recover her car and car keys. Even assuming that the statements were hearsay and offered for the truth of the matter asserted, had defense counsel objected, the form of the testimony could have easily been cured to allow testimony of what the owner knew about the location of her car and keys without the words, "they said".
The remaining four references identify out of court statements elicited on cross-examination by defense counsel. Appellant cannot complain defense counsel should have objected to his own efforts to get hearsay into the record. We can find no basis to discern that counsel's failure to object to hearsay was deficient, let alone prejudicial.
Although appellant has not explained why any jury instruction was erroneous, review of the jury instruction for theft of a motor vehicle, at the transcript page appellant provided, reveals it fully complies with the statutory language of R.C. 2913.02. Further, the trial court instructed the jury using the exact language recommended in 4 Ohio Jury Instructions (1997), Section 513.02, at 253-254.
Appellant has not defined what error he believes arose from his trial counsel's failure to present a Crim.R. 29 motion for acquittal. In light of the disposition of appellant's second of assignment of error concerning the manifest weight of the evidence, we cannot find trial counsel's performance was defective by failing to move for a Rule 29 judgment of acquittal on the basis of insufficiency of appellee's evidence. A court shall not order an entry of judgment of acquittal pursuant to Crim.R. 29(A) if, viewing the evidence in a light most favorable to the prosecution, reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Williams (1996), 74 Ohio St.3d 569,576; see City of Toledo v. Clark (Mar. 13, 1998), Lucas App. No. L-97-1103, unreported.
While it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action did not mean the performance of appellant's trial counsel fell below a reasonable standard of representation. Statev. Reed (Feb. 27, 1998), Wood App. No. WD-97-031, unreported. The state presented testimony of the car owner about the appellant's failure to return the keys, his previous unauthorized use, and what the owner found in her car when it was recovered.
An eyewitness identified appellant as the person who stole the car. The defense presented the testimony of appellant's mother to controvert whether the dispatcher's eyewitness was accurate because of appellant's hair style. Reasonable minds could reach different conclusions.
Having found no deficiencies rising to the level of ineffective assistance of counsel, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant argues that the court erred by admitting evidence of appellant's acts which led the owner to file a complaint for appellant's unauthorized use of her car. Appellant suggests that his "right to due process under the law" was violated by the court's limiting instruction to the jury to use the evidence only to determine if the defendant had an opportunity to commit the offense charged.
The record reveals that it was appellee who requested that a limiting jury instruction be given about the testimony concerning appellant's earlier failure to return the car to its owner and the unauthorized use of motor vehicle charges. Appellant's trial counsel withdrew his initial objection to the instruction.
Because appellant did not object at trial to evidence of his failure to return Winklejohn's car to her on an earlier occasion, the "plain error" standard must be applied to this assignment of error. Evidence not objected to may be reviewed only under the plain error doctrine. Notice of plain error is to be taken with utmost caution and only in exceptional cases to prevent a manifest miscarriage of justice. State v. Adams (1980),62 Ohio St.2d 151, 153. Reversal is warranted for plain error only when the outcome of the trial clearly would have been different without the alleged error.
Evid.R. 404(B) prohibits evidence of other crimes or acts to show a person acted in conformity therewith. Such evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
The testimony of the car owner regarding appellant's failure to return the car or car keys to her was properly admitted for one of the purposes allowed by Evid.R. 404(B). It showed that appellant, long after the owner had withdrawn her consent for him to use her car, still had the opportunity to use it with the set of keys he retained. The court's instruction limiting the jury's use of the evidence to the issue of opportunity was proper.
In any event, because of the other evidence in this case, appellant has been unable to show that the outcome of the trial would have been different without the evidence or if the jury's limiting instruction had been more restrictive. Accordingly, appellant's third assignment of error is found not-well taken.
Appellant argues in his fourth assignment of error that the cumulative effect of the first three assignments of error denied appellant him due process of law as guaranteed by the United States Constitution and Ohio Constitution. A conviction will be reversed where the cumulative effect of the errors deprives a defendant of the constitutional right to a fair trial.State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus.
This court has thoroughly examined and ruled on each assignment of error presented by appellant. Having found no error, we find no cumulative effect of errors that would have violated appellant's right to a fair trial. Accordingly, appellant's fourth assignment of error is found not well-taken.
Appellant contends that the trial court erred when it denied his motion to suppress evidence of cocaine possession obtained from the search incident to his arrest for disorderly conduct. Appellant argues that "merely sleeping in a car while intoxicated is not a crime in Ohio." Appellant suggests he caused no risk of harm to himself by being passed out in a car blocking a business driveway with the keys out of the ignition. As a result, appellant argues there was no violation of the disorderly conduct ordinance and no probable cause to arrest appellant for disorderly conduct or search him incident to the arrest. Without probable cause to arrest him, then, according to appellant, any evidence obtained as a search incident to arrest is invalid. Appellee suggests that an intoxicated individual sitting in a warm car with the keys in his lap not only presents a danger of operating the automobile but creates a traffic hazard.
An appellate court reviews whether substantial evidence supports a trial court's decision on a motion to suppress.
Maumee v. Johnson (1993), 90 Ohio App.3d 169, 171. The trial court acts as the trier of fact and is in the best position to resolve questions of fact and determine witness credibility. Statev. Johnston (1993), 85 Ohio App.3d 475, 477. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594.
Probable cause to conduct a warrantless arrest exists when police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information to warrant a belief by a prudent person that an offense has been committed by the person to be arrested. Beck v. Ohio (1964),379 U.S. 89, 91.
Toledo Municipal Code 509.03 defines disorderly conduct to include:
"(b) No person, while voluntarily intoxicated, shall * * *:
 "(2) Engage in conduct or create a condition which presents a risk of physical harm to himself or another, or to the property of another.
 "(c) Violation of any statute or ordinance of which an element is operating a motor vehicle * * * while under the influence of alcohol or any drug of abuse, is not a violation of subsection (b) hereof." TMC 509.03(b)(2) is similar to R.C. 2917.11(B)(2). Both require some affirmative conduct on the part of the defendant and neither prohibit merely being intoxicated in public. See State v. Parks (1990), 56 Ohio App.3d 8, 10-11; City of Huron v. Bass (July 26, 1991), Erie App. No. E-90-29, unreported.
In particular, the fact that appellant was not legally parked in the store's parking lot, but was instead stopped in such a way as to impede other cars from proceeding into the driveway, demonstrates appellant created a risk of harm to himself or others or to other's property. Such conduct arises above that in Statev. Parks, 56 Ohio App.3d 8. In Parks, an intoxicated person in the passenger's seat of a car parked in a driveway created no unacceptable risk of physical harm, even though police had a legitimate interest in determining whether it was the car had been involved in a recent high-speed chase. Likewise, Lorain v. Wright
(1983), 11 Ohio App.3d 200 is distinguishable where the defendant had fallen asleep after climbing into his car parked in a former spouse's driveway. The car was inoperable because it was "jacked up" and no evidence suggested that Wright had acted in an unruly or violent manner.
"The driver of a motor vehicle may be subjected to a brief pat-down search for weapons where the detaining officer has a lawful reason to detain said driver in a patrol car." State v.Evans (1993), 67 Ohio St.3d 405, paragraph two of the syllabus.
 "Anytime a police officer places a criminal suspect in his or her automobile, the officer is in a particularly vulnerable condition. In such a circumstance, the officer's right to protect herself or himself from danger, suspected or unsuspected, may outweigh a subject's privacy rights. * * * The salient question is whether the officer has a lawful reason to detain the subject."
State v. Reardon (Sept. 12, 1997), Wood County No. WD-96-070, unreported.
The officer had probable cause to arrest and search appellant for disorderly conduct where appellant parked his car to obstruct traffic flow into a carry-out store. Appellant created a risk of harm to himself or others as well as to any car which may have entered that driveway.
Accordingly, appellant's fifth assignment of error regarding suppression of evidence is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.