JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Timothy Jenkins appeals his conviction in a municipal court bench trial of threat of domestic violence in violation of R.C. 2919.25(C). Defendant, who is six feet six inches tall and weighs two hundred and sixty pounds, and the victim, his wife, who is four feet eleven inches tall, were arguing one morning as he prepared to move out of their home. Both parties agreed that they were angry and had exchanged heated words. The remaining facts are in dispute.
 {¶ 2} Defendant claims that wife slapped him when he called her a Jezebel. He claims that she then began to stab him in the chest with a pen. In defendant's version of the events, he held her arms to prevent her from continuing to stab him. He claims that he then sat on the couch until the police arrived in response to her call.
 {¶ 3} Wife, on the other hand, says that defendant was an inch away from her face when he called her a Jezebel, so she pushed him away and turned to walk away. She says he then punched her in the back and again in the face when she turned toward him. After punching her, wife claims, defendant threw her to the ground, restrained her with his arm across her neck and threatened to kill her. Then, she says, defendant let her up and she "closed [herself] in the bedroom" and called the police. Tr. at 6.
 {¶ 4} Defendant was charged with domestic violence in violation of R.C. 2919.25(A), (B), and (C). In opening argument, defense counsel said, "Your Honor, I believe that you will find that Mr. Jenkins is not guilty of this charge, which is Domestic Violence in the Subsection A." Tr. at 3-4. The court's response was, "Okay." Tr. at 4.
 {¶ 5} After weighing the conflicting testimony of both parties, the court found defendant guilty of violating R.C. 2919.25(C).
 {¶ 6} Defendant states one assignment of error:
 {¶ 7} "I. THE TRIAL COURT, BY FINDING MR. JENKINS GUILTY OF DOMESTIC VIOLENCE UNDER R.C. 2919.25(C), WHICH WAS NOT A CHARGED CRIME, NOR A LESSER INCLUDED OFFENSE OF THE ACTUAL CRIME CHARGED, COMMITTED REVERSIBLE ERROR."
 {¶ 8} Defendant argues that he was charged only with violating section (A), not (C), and that (C) is not a lesser included offense of (A) because (C) requires a threat, while (A) requires an attempt or actual assault.
 {¶ 9} R.C. 2919.25 states in pertinent part:
 {¶ 10} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 11} "(B) No person shall recklessly cause serious physical harm to a family or household member.
 {¶ 12} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 13} The complaint against defendant alleges that he violated all three sections of the statute. At no point was the complaint revised, and no individual section of the complaint was circled to indicate that it was operative but any others were not.
 {¶ 14} Defendant claims, however, that counsel's opening statement limited the offense charged to section (A). He further cites cases to support his assertion that section (C) is not a lesser included offense of (A) and that a defendant cannot be convicted of a charge not included in the complaint or indictment.
 {¶ 15} Defendant is correct in that section (C) is not a lesser included offense of (A). See State v. Rihm (1995), 101 Ohio App.3d 626,629. He is also correct in stating that a defendant cannot be convicted of a charge not contained in the complaint or indictment. See State v.Broughton (1988), 51 Ohio App.3d 10. However, the "criminal complaint need not designate a specific statutory subsection by number, as long as its language is sufficient to specify the subsection." Id. at syllabus, paragraph one.
 {¶ 16} In the case at bar, the language of the complaint tracked the statutory subsections almost verbatim. It stated in pertinent part: "Timothy Jenkins (A) did knowingly cause or attempt to cause physical harm to a family or household member. * * * (C) Did, by threat of force, knowingly cause a family or household member to believe that the offender would cause imminent physical harm to the family or household member." Defense counsel's misstatement of the complaint in his opening argument does not change the fact that the complaint is clear.
 {¶ 17} Further, as the state pointed out, if defendant was unclear concerning the charges against him, he could have filed a motion for a bill of particulars so he would know specifically what acts he was accused of committing. The file contains no discovery requests by defendant. He cannot complain now that he was unaware of the crimes charged when they were clearly outlined in the complaint and he made no further inquiry regarding the specifics. Instead of claiming that he was not properly informed before trial, "appellant could have requested that the prosecutor furnish him `with a bill of particulars setting up specifically the nature of the offense charged and * * * the conduct of defendant alleged to constitute the offense.' Crim.R. 7(E)." City ofBarberton v. O'Connor (1985), 17 Ohio St.3d 218, 221.
 {¶ 18} Because the complaint properly stated the crime for which defendant was convicted, we find no error and affirm.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANNE L. KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).