OPINION *Page 2 
{¶ 1} Appellant Raymond M. Skerbec appeals his conviction for menacing by stalking in the Cambridge Municipal Court, Guernsey County. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and his wife own a residence and land on Old National Road in Cambridge, Ohio. Their neighbors are Timothy and Jean Roe. The Skerbecs and the Roes also jointly own another parcel of land, upon which a shared road/driveway is maintained. The nine-year relationship between the two neighboring families has frequently been tense.
 {¶ 3} On August 11, 2007, following events more fully discussed infra, Jean Roe swore out a complaint of menacing by stalking against appellant. The complaint was filed with the Cambridge Municipal Court on August 13, 2007. Timothy Roe likewise swore out a complaint for assault against appellant. (Case number 07 CRB 1398).
 {¶ 4} Appellant pled not guilty to both charges, and the matter proceeded to a jury trial on January 24, 2008. The jury returned a verdict of guilty as to menacing by stalking, but not guilty on the charge of assault. Appellant was thereupon sentenced to 180 days in jail for menacing by stalking, with appellant ordered to serve twenty-one days followed by a sentence review.
 {¶ 5} On February 1, 2008, appellant filed a notice of appeal and obtained a stay of sentence. He herein raises the following three Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS THE MENACING BY STALKING COMPLAINT AFTER THE JURY WAS SELECTED. *Page 3 
 {¶ 7} "II. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AT THE CLOSE OF THE STATE'S CASE.
 {¶ 8} "III. THE DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT ERRED IN PERMITTING TESTIMONY CONCERNING OTHER INCIDENTS WHICH DID NOT OCCUR ON AUGUST 11, 2007."
 I. {¶ 9} In his First Assignment of Error, appellant contends the trial court erred in denying his motion to dismiss the complaint as insufficiently charging an offense. We disagree.
 {¶ 10} Crim. R. 3 provides: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
 {¶ 11} The purpose of the criminal complaint is to inform the accused of the identity and essential facts constituting the offense charged.State v. Echemendia (Aug. 23, 1996), Ottawa App. No. OT-95-059, quotingState v. Broughton (1988), 51 Ohio App.3d 10, 11. "While all the specific facts relied upon to sustain the charge need not be recited in the complaint, all the material elements of the crime must." Id., citingState v. Burgun (1976), 49 Ohio App.2d 112.
 {¶ 12} Appellant herein was charged under R.C. 2903.211(A)(1), menacing by stalking, which reads: "No person by engaging in a pattern of conduct shall knowingly *Page 4 
cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 13} The complaint in the case sub judice reads as follows:
 {¶ 14} "The undersigned complainant being first duly sworn, states that on or about the 11th day of August, 2007 within the county of Guernsey, State of Ohio, Raymond M. Skerbec whose address is * * *, no person by engaging in a pattern of conduct shall knowingly cause another person to belive (sic) that the offender will cause physical harm to the other person or cause mental distress to the other person. To wit: caused Jean Roe to believe that he was going to cause harm to her and her children by engaging a large mower behind a tractor on rocks near their parked vehicle.
 {¶ 15} In violation of Section 2903.211(A1) of the Ohio Revised Code entitled: Menacing by Stalking (M1) this complaint is based upon the facts and circumstances know to the complainant."
 {¶ 16} Upon review, while it may have been the better practice to include a recitation of the other allegations the Roes had against appellant for the purposes of the "pattern of conduct" factor, we hold the complaint at issue properly set forth the material elements of menacing by stalking and was in compliance with Crim. R. 3(Burgun, supra). Appellant has failed to demonstrate prejudicial error in the trial court's denial of his motion to dismiss under the circumstances presented.
 {¶ 17} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 18} In his Second Assignment of Error, appellant argues the trial court erred in denying his motion for acquittal at the close of the State's case. We disagree. *Page 5 
 {¶ 19} An appellate court reviews a denial of a Crim. R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. See State v. Carter (1995), 72 Ohio St.3d 545, 553,1995-Ohio-104. Thus, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus."
 {¶ 20} As previously noted, appellant herein was charged under R.C. 2903.211(A)(1), menacing by stalking, which reads: "No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 21} The State's two witnesses at trial were Timothy and Jean Roe. Timothy first recounted an event that took place on August 1, 2007, as Timothy was returning home in his pickup truck, with his daughters as passengers. Timothy testified that appellant swerved his dump truck at the Roes' pickup, forcing Timothy to drive on the gravel berm to avoid a collision. Appellant then followed the pickup up the driveway, laughing most of the way. As Timothy pulled into the garage, appellant exited the dump truck and cussed at the Roe family. Tr. at 98-102.
 {¶ 22} Timothy further recalled that on the next day, he came home and pulled into the shared driveway. When Timothy reached his lane, appellant had blocked it with the dump truck. Timothy therefore had to drive into the grass to get past the block; when he did so, appellant tried to forcibly open the locked passenger side door of the Roes' pickup truck. Tr. at 103-105. *Page 6 
 {¶ 23} According to Timothy Roe's testimony, appellant had commonly called him names such as "asshole" and "wimp" by yelling across the property line. Tr. at 106. Appellant specifically engaged in this name-calling on August 3, 2007, as Timothy attempted to clean up some sticks and tree debris. Tr. at 106. Several days later, on August 9, 2007, appellant "flipped off" Timothy by gesturing with his middle finger, which appellant had also commonly engaged in previously. Tr. at 107.
 {¶ 24} Timothy finally recounted an apparent bullying maneuver appellant attempted on August 10, 2007: As Timothy tried mowing the successive rows perpendicular to the shared driveway, appellant drove his tractor near the driveway in order to force appellant to stop short at the end of each row. At one point, appellant nearly drove his tractor tire onto the platform of the standing mower being used by Timothy. Tr. at 108-109.
 {¶ 25} The State also called Jean Roe as a witness. She described the events of August 11, 2007, which she additionally recorded on a DVD disc (State's Exhibit A). Jean testified that she decided to take their daughters and the pickup truck down to an area near the driveway where Timothy would be mowing, to help pick up some sticks and brush. According to Jean, and as our review of the DVD reveals, appellant passed by the truck a couple of times on his tractor, then drove very close to the truck and, as he moved onto the gravel driveway, turned on the bushhog mower he was pulling. This caused a cloud of gravel and dust to kick up in the area, some of which flew toward Jean. Appellant drove the tractor and the running bushhog a short distance on the driveway, then started backing up. He thereupon collided, albeit at a slow speed, with the standup mower operated by Timothy as Timothy proceeded across the driveway. *Page 7 
Tr. at 68-76; State's Exhibit A. Jean also testified that appellant initially stated in an angry voice: "Apparently you don't care about the safety of your children." Tr. at 68.
 {¶ 26} We reiterate that a jury is free to believe all, part, or none of any witness' testimony. State v. Mossburg, Van Wert App. No. 15-06-10,2007-Ohio-3343, ¶ 46, citing State v. Antill (1964), 176 Ohio St. 61,197 N.E.2d 548. Upon reviewing the evidence in the record in the light most favorable to the prosecution, we hold reasonable triers of fact could have found the essential elements of menacing by stalking, including the "pattern of conduct" aspect, proven beyond a reasonable doubt. There was therefore no error in the denial of appellant's motion for acquittal.
 {¶ 27} Appellant's Second Assignment of Error is overruled.
 III. {¶ 28} In his Third Assignment of Error, appellant contends his conviction for menacing by stalking was against the manifest weight of the evidence. We disagree.
 {¶ 29} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717. *Page 8 
 {¶ 30} We note that in addition to the evidence previously discussed, the jury heard appellant when he took the stand in his defense. Appellant testified that his mowing work generally took an entire day. Tr. at 127. He maintained that on August 11, 2007, the Roes commenced the event by making the "flipping" gesture. Tr. at 130. He claimed that he tried to stop and discuss the incident with the dump truck of August 1, 2007, but that Jean "didn't want to listen." Tr. at 131. Appellant explained that he began backing the tractor and bushhog on the driveway as a means of straightening it out. Tr. at 132. He further explained that he had not seen Timothy coming across behind him as he was backing. Tr. at 133. Additionally, in regard to the earlier dump truck incident, he insisted he had not attempted to force Timothy's pickup off the road. Tr. at 136.
 {¶ 31} Upon review, we find the evidence reviewed in its entirety does not lead to a conclusion that the jury lost its way and created a manifest miscarriage of justice. Furthermore, in light of the "on or about" language in the complaint, we find no merit in appellant's ancillary argument that the trial court should have curtailed evidence of events occurring prior to August 11, 2007, the date of the incident with the tractor and bushhog. *Page 9 
 {¶ 32} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is hereby affirmed.
 By: Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1