OPINION
{¶ 1} Appellant, David Doans, appeals his conviction in the Hamilton Municipal Court for disorderly conduct as a fourth-degree misdemeanor. We find that the trial court erred in convicting appellant of fourth-degree misdemeanor disorderly conduct, but *Page 2 
find that the evidence supports a conviction of minor misdemeanor disorderly conduct. Therefore, we affirm as modified.
 {¶ 2} On September 7, 2007, Deputy Tolley, a member of Butler County Sheriff's Office Canine Division, was dispatched to U.S. Route 27 in response to a report that a man was stopping traffic. Upon his arrival, Deputy Tolley saw appellant in a highly intoxicated state, jumping, screaming, cursing, and running in and out of traffic. Appellant's conduct caught the attention of a small group of people who were standing outside their homes as Deputy Tolley arrived. Three of those people reported to Deputy Tolley that if appellant did not stop causing a scene that they were "going to kill him." Believing that appellant's conduct was increasing the volatility of the situation, he warned appellant that he would be arrested if he continued. Appellant continued. Deputy Tolley subsequently arrested appellant and charged him with one count of disorderly conduct.
 {¶ 3} Appellant pled not guilty, and a bench trial was held on October 5, 2007. The trial court found appellant guilty of disorderly conduct as a fourth-degree misdemeanor. Appellant was sentenced to 30 days in jail, assessed a fine in the amount of $50.00, [1] and was ordered to pay $60.00 in court costs, and $25.00 in fees. Appellant filed for a motion to stay execution of his sentence pending an appeal. No stay was ordered. Appellant completed a 30-day jail sentence, but has not paid the assessed fines, fees, and costs.
 {¶ 4} Appellant appeals his conviction of disorderly conduct as a fourth-degree misdemeanor, advancing one assignment of error. *Page 3 
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND HIM GUILTY OF A FOURTH DEGREE MISDEMEANOR DISORDERLY CONDUCT RATHER THAN A MINOR MISDEMEANOR DISORDERLY CONDUCT."
 {¶ 7} Appellant argues that the trial court erred in convicting him of disorderly conduct as a fourth-degree misdemeanor because the complaint only alleges the elements necessary to charge him with disorderly conduct as a minor misdemeanor. We agree.
 {¶ 8} The purpose of a criminal complaint is to inform the accused of the identity and essential facts constituting the charged offense.State v. Broughton (1988), 51 Ohio App.3d 10, 11. A complaint is not defective because it fails to allege a specific statutory subsection, so long as the substance of the complaint is sufficient to inform the accused of the charges against him. See Id. A complaint is sufficient if an "individual of ordinary intelligence would not have to guess as to the type and scope of the conduct prohibited." State v. Baker (Feb. 19, 1999), Huron App. No. H-98-033, 1999 WL 75999 at *1.
 {¶ 9} In Broughton, this court found a complaint's substance sufficient to inform appellant that she was charged with a violation of R.C. 2917.11(B)(1) even though the complaint failed to allege a specific statutory subsection. The complaint in Broughton was sufficient because it alleged a violation of R.C. 2917.11(B), and contained a description of appellant's illegal conduct that followed the precise language of R.C. 2917.11(B)(1). See Broughton at 11. *Page 4 
 {¶ 10} Appellant was generally charged with violating R.C. 2917.11, which states in pertinent part:
 {¶ 11} "(B) No person, while voluntarily intoxicated, shall do either of the following:
 {¶ 12} "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons or ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others; * * *.
 {¶ 13} "(E)(1) * * * .
 {¶ 14} "(2) Except as otherwise provided in division (E)(3) of this section, disorderly conduct is a minor misdemeanor."
 {¶ 15} Disorderly conduct only becomes a fourth-degree misdemeanor when one or more of the following conditions listed in R.C. 2917.11(E)(3) apply:
 {¶ 16} "(a) The offender persists in disorderly conduct after reasonable warning or request to desist.
 {¶ 17} "(b) The offense is committed in the vicinity of a school or in a school safety zone.
 {¶ 18} "(c) The offense is committed in the presence of any law enforcement officer, * * * who is engaged in the person's duties at the scene of a fire, accident, disaster, riot, or emergency of any kind.
 {¶ 19} "(d) The offense is committed in the presence of any emergency facility person who is engaged in the person's duties in an emergency facility."
 {¶ 20} In this case, the complaint is a fill-in-the-blank form charging appellant with *Page 5 
disorderly conduct in violation of R.C. 2917.11. The complaint does not cite to any specific subsection of R.C. 2917.11. The pertinent language of the complaint is as follows:
 {¶ 21} "This day came DEP TOLLEY, BUTLER COUNTY SHERIFF, who being duly sworn by me, the undersigned of the Hamilton Municipal Court, Hamilton, Ohio, says that on or about 09-07-07, The aforesaid, DAVID L DOANS did while voluntarily intoxicated, did in a public place or in the presence of two or more persons, engaged in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons or ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others; To Wit: MR. DOANS, WHILE INTOXICATED, WAS FIGHTING ON US 27 AND STOPPING TRAFFIC, Contrary to section 2917.11, Revised Code, State of Ohio, and contrary to the form of the statute to such cases made and provided, and against the peace and dignity of the State of Ohio." (Emphasis sic.)
 {¶ 22} We find that the complaint does not contain any language to indicate to appellant that he was charged with a fourth-degree misdemeanor for violating R.C. 2917.11(E)(3)(a)-(d). Here, the complaint does not contain a specific cite to any portion of R.C. 2917.11, nor does it contain substance sufficient to inform appellant that he was charged under R.C. 2917.11(E)(3)(a)-(d).[2] As a result, the trial court erred in convicting appellant of disorderly conduct as a fourth-degree misdemeanor.
 {¶ 23} However, the complaint is not completely devoid of any substance *Page 6 
sufficient to provide appellant with proper notice of the charge filed against him. Here, the complaint contains a general charge notifying appellant of a violation of R.C. 2917.11, as well as a recitation of the exact language found in R.C. 2917.11(B)(1). Therefore, the complaint is sufficient to put appellant on notice that he was charged with violating R.C. 2917.11(B)(1), a minor misdemeanor.
 {¶ 24} At trial, the state called the only witness, Deputy Tolley, to testify about the events of September 7, 2007. Deputy Tolley testified that he responded to a call alleging that a man was stopping traffic on U.S. Route 27. Upon his arrival, he saw appellant in a highly intoxicated state, jumping, screaming, cursing, and running in and out of heavy traffic. There were eight to ten people standing outside their homes watching the appellant when he arrived. Three of those individuals reported to that they were so disturbed by appellant's conduct that they were "going to kill him." Deputy Tolley testified that he believed that appellant's actions were increasing the volatility of the situation, which led to appellant's arrest.
 {¶ 25} The evidence presented at trial is sufficient to sustain the trial court's finding of guilt of disorderly conduct under R.C. 2917.11(B)(1), a minor misdemeanor. Accordingly, we find the trial court's conviction of disorderly conduct as a fourth-degree misdemeanor was error. However, the evidence does support a guilty finding on the lesser offense of disorderly conduct as a minor misdemeanor. Accordingly, we modify appellant's conviction to reflect a guilty finding on the lesser offense of disorderly conduct as a minor misdemeanor. The trial court's imposition of a 30-day jail sentence is contrary to law, and therefore, vacated. The trial court's decision to assess a fine of $50.00, and order appellant to pay $60.00 in court costs, and $25.00 in fees, is affirmed. *Page 7 
 {¶ 26} Judgment affirmed as modified.
WALSH, P.J. and YOUNG, J., concur.
[1] The transcript of the trial indicates that the penalty assessed was in the amount of $150.00. However, the judgment entry lists the fine as only $50.00.
[2] The state claims that if "trial counsel had any doubts about what subsection was being applied he could have requested a bill of particulars * * *." Appellant did file a request for a bill of particulars on August 14, 2007, claiming that the complaint is vague, indefinite, and fails to reasonably inform appellant of the nature of the charge against him. There is nothing in the record that indicates appellant received any response. *Page 1