**The STATE of Ohio, Appellee,**

**v.**

**NEESE, Appellant.**

[Cite as *State v. Neese* (1996), 114 Ohio App.3d 93.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–03–023.

Decided Sept. 16, 1996.

*Timothy A. Oliver*, Warren County Prosecuting Attorney, and *Gary A. Loxley*, Assistant Prosecuting Attorney, for appellee.

*Ravert J. Clark*, for appellant.

WALSH, Presiding Judge.

On November 29, 1995, defendant-appellant, Waylon Neese, was scheduled to have visitation with his minor daughter. When he arrived at the babysitter's to pick her up, appellant discovered that the girl had been taken to the home of her grandparents, appellant's in-laws, Bruce and Jessie Ikert. Appellant called the Ikerts and left the following message on their telephone answering machine:

"You mother-fuckers got my daughter. He better lay off of her. If I come up there and find you with her, I'll slit [unclear] God-darned throat, and that's a promise."

As a result of this call, appellant was convicted and sentenced in the Warren County Court on one count of aggravated menacing and two counts of telephone harassment. Appellant now appeals.

Appellant asserts the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of appellant by entering a judgment of guilty based upon insufficient evidence."

Assignment of Error No. 2:

"Appellant's conviction was against the manifest weight of the evidence."

■ In his first assignment of error, appellant argues, essentially, that his conviction for the aggravated menacing of Bruce Ikert should be reversed because the state's complaint was flawed. The complaint recites verbatim the text of R.C. 2903.211(A) (menacing by stalking), but designates the Revised Code section as R.C. 2903.21(A) (aggravated menacing).[1] The state argues that this discrepancy should not be grounds for reversal. We disagree.

The primary purpose of a criminal complaint is to inform an accused of the charges against him. *State v. Lindway* (1936), 131 Ohio St. 166, 182, 5 O.O. 538, 544, 2 N.E.2d 490, 497. To this end, a complaint must contain the essential elements of the offense charged or it is invalid. *State v. Burgun* (1976), 49 Ohio App.2d 112, 118, 3 O.O.3d 177, 180, 359 N.E.2d 1018, 1022. The complaint must also contain the numerical designation of the applicable statute or ordinance. Crim.R. 3.

Here, the state did not charge all the essential elements of the crime of aggravated menacing; rather, it charged the elements of menacing by stalking by using the precise language of the statute to describe that offense. The state's failure to charge appellant with the essential elements of the crime of aggravated menacing were not cured by the use of the numerical designation in the complaint. See *Burgun*, 49 Ohio App.2d at 119, 3 O.O.3d at 181, 359 N.E.2d at 1023. It is evident that at trial appellant sought to defend himself against the charge of menacing by stalking, not aggravated menacing, and therefore was not sufficiently informed of the charges against him. Since appellant was charged with one crime and convicted of another, we must reverse. See 26 Ohio Jurisprudence 3d (1993), Criminal Law, Section 1071. The first assignment of error is sustained.

■ In his second assignment of error, appellant argues that his conviction on all counts was against the manifest weight of the evidence. Because we have reversed appellant's conviction for aggravated menacing, we need only review

---

1. Specifically, appellant was charged in the averments of the complaint with " * * * engaging in a pattern of conduct that knowingly cause[s] another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." See R.C. 2903.211(A) (menacing by stalking).

However, the numeric designation in the complaint was R.C. 2903.21(A) (aggravated menacing), which states:

"No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."

whether the evidence supports appellant's conviction for two counts of telephone harassment.

An appellate court's function when reviewing the weight of the evidence supporting a criminal conviction is to determine whether the evidence admitted at trial would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find all of the elements of the offense proven beyond a reasonable doubt. *Id.*

Appellant was charged with telephone harassment in violation of R.C. 2917.21(A)(3), which states:

"No person shall knowingly make or cause to be made a telephone call * * * if the caller does any of the following:

" * * *

"(3) During the telephone call, violates section 2903.21 of the Revised Code."

Appellant interprets this section of the statute to mean that a defendant cannot be found guilty of violating R.C. 2917.21(A)(3) (telephone harassment) unless he has been *convicted* of violating R.C. 2903.21 (aggravated menacing). We disagree.

On its face, R.C. 2917.21(A)(3) requires only that a defendant knowingly make a telephone call which violates R.C. 2903.21. It does not require that he be convicted of that offense. In this case, appellant left a telephone message on the Ikerts' answering machine promising to "slit [their] throat[s]" if he found them with the granddaughter who was in their home. Bruce Ikert testified that he felt threatened by appellant's message and that it prompted him to lock the doors to their house and turn on outside lights. Based on this evidence, we find that a rational trier of fact could conclude that appellant's message violated R.C. 2903.21(A) and, therefore, that appellant was guilty of telephone harassment under R.C. 2917.21(A)(3). Appellant's second assignment of error is overruled.

The judgment is reversed in part and affirmed in part.

*Judgment accordingly.*

KOEHLER and POWELL, JJ., concur.