[Cite as *State v. Jones*, 2013-Ohio-4775.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NOS. C-120570 |
| | | C-120571 |
| Plaintiff-Appellee, | : | TRIAL NOS. 12CRB-9344A |
| | | 12CRB-9344B |
| vs. | : | |
| THOMAS JONES, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 30, 2013

*John Curp*, City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *Jacqueline Pham*, Assistant City Prosecutor, for Plaintiff-Appellee,

*David Hoffman,* Assistant Hamilton County Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}   In these consolidated cases, defendant-appellant Thomas Jones appeals from the judgment of Hamilton County Municipal Court convicting him, after a bench trial, of endangering children in violation of R.C. 2919.22(A) and obstructing official business in violation of R.C. 2921.31.  We affirm.

## Background Facts and Procedure

{¶2}   On March 29, 2012, Jones drove his vehicle to the emergency room entrance of University Hospital with a front-seat passenger, later identified as Cody Higdon, and three back-seat passengers, all children under the age of six.  Higdon was "slumped over" in his seat and appeared to be unconscious.  University of Cincinnati Police Officer Waksmundski was on duty, and observed Higdon's condition. Based on his specialized training and experience with drug-abuse suspects, he believed that Higdon had overdosed on drugs.

{¶3}   While Hidgon was treated for the overdose, Officer Waksmundski questioned Jones about Higdon's condition and how he came to be in his vehicle with the three young children.  Jones told Officer Waksmundski that he had found the man slumped over the steering wheel of another vehicle in the parking lot of a nearby restaurant and that he had moved him to transport him to the hospital for emergency treatment.    Because of Jones's statement, Officer Waksmundski contacted the Cincinnati Police Department and asked that an officer be sent to locate the abandoned vehicle in the restaurant's parking lot.  Officer Waksmundski then observed a syringe on the floor of Jones's vehicle below where Higdon had been seated.

{¶4}   Officer Waksmundski left Jones with hospital security while he questioned Higdon.  Upon returning, he questioned Jones about his initial story.  At that time, Jones admitted that he had not discovered Higdon at the restaurant.  According to Officer Waksmundski, Jones stated that he and Higdon had driven

from Indiana to downtown Cincinnati to purchase heroin in his vehicle with his child and two of Higdon's children as back-seat passengers.

{¶5} Officer Waksmundski then charged Jones in separate complaints with obstructing official business, as a second-degree misdemeanor, and endangering children, as a first-degree misdemeanor.

{¶6} On the day of trial, Jones orally moved to dismiss both complaints claiming that they were defective because they contained only the general revised code section for the offenses and not a more specific subsection. The trial court overruled his motion.

{¶7} At trial, Officer Waksmundski testified to his observations and actions on March 29, 2012, and to Jones's statements to him. Jones also testified. He admitted that he had lied to Officer Waksmundski when he first told him that he had found Higdon in the restaurant's parking lot. But he denied later telling Officer Waksmundski that he had driven Higdon to Cincinnati to purchase heroin and that Higdon had injected heroin in his vehicle with the children.

{¶8} Jones also testified that he had recently been released from a drug-rehabilitation program when Higdon had asked for a ride to Cincinnati to visit his cousin and borrow money. He claimed that he would not have driven Higdon to Cincinnati if he had known that Higdon had intended to purchase heroin. Further, Jones claimed that he had taken Higdon to his cousin's house in Cincinnati where Higdon went inside. According to Jones, after Higdon returned to the vehicle, his face turned blue and he became unconscious, suggesting that Higdon had overdosed inside his cousin's house and not in the vehicle with the children. Jones did not explain why a syringe was on the floor of his vehicle.

{¶9} After hearing the testimony, the trial court convicted Jones of both offenses.

**Denial of the Motion to Dismiss**

{¶10} In his first assignment of error, Jones contends that the trial court erred by denying his motion to dismiss the complaints.

{¶11} *Dismissal of the Endangering Complaint.* Jones had moved to dismiss the endangering complaint on the grounds that it had failed to give him sufficient notice of the specific charge against him. The complaint referred to R.C. 2919.22—the endangering children statute—but it did not refer to the specific subsection of R.C. 2919.22 that he was alleged to have violated.

{¶12} R.C. 2919.22 sets forth in several subsections the different ways to commit the offense of endangering children. The trial court found that the facts alleged in the complaint provided Jones with sufficient notice of the offense. The court then allowed the state to clarify that it was proceeding under the (A) section of R.C. 2919.22.

{¶13} On appeal, Jones maintains that the charge was "impossible to defend against" without the reference to the subsection. We disagree.

{¶14} Section 10, Article I, of the Ohio Constitution guarantees to every defendant the right to know the "nature and cause of the accusations against him." A charging instrument such as a complaint serves this purpose. *See State v. Neese*, 114 Ohio App.3d 93, 95, 682 N.E.2d 1038 (12th Dist.1996); *State v. Broughton*, 51 Ohio App.3d 10, 11, 553 N.E.2d 1380 (12th Dist.1988).

{¶15} Crim.R. 3 more specifically sets forth the requirements of a complaint. It provides, in relevant part, that the complaint must include a written statement of the essential facts constituting the offense charged and, in addition, the numerical designation of the applicable statute or ordinance, which serves a notification purpose. Omission of a specific statutory subsection or error in the statutory designation is not grounds for dismissal of the complaint or reversal of a conviction on the grounds of inadequate notice if the defendant was otherwise

adequately notified and was not prejudicially mislead by the error or omission. *See Neese* at 95; *Broughton* at 11; *see also* Crim.R. 7(B) ("Error in the numerical designation of the statute or omission of the numerical designation shall not be grounds for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant.").

{¶16} Here the complaint referred to the general endangering children statute and listed the offense as a first-degree misdemeanor. The complaint then provided in relevant part that Jones had "endanger[ed]" three children, one of whom belonged to him, "by allowing his passenger to inject and overdose on heroin" in the presence of the children.

{¶17} Although R.C. 2919.22 prohibits various types of conduct, we believe that the language in the complaint was sufficient to notify Jones that he was charged with a violation of R.C. 2919.22(A). This subsection provides in relevant part that "[n]o person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." Certainly it would have been better if the state had provided the subsection, but we conclude that the complaint's substance was sufficient to inform Jones that he was charged with a violation of R.C. 2919.22(A) and that Jones was not prejudicially mislead by the omission. *See Broughton*, 51 Ohio App.3d at 11, 553 N.E.2d 1380.

{¶18} And any confusion that the state caused by initially failing to reference the specific subsection was necessarily eliminated when the court allowed the state, prior to trial, to amend the complaint to specify the relevant subsection. Crim.R. 7(D) expressly allows for the amendment of a charging instrument, including a complaint, "provided no change is made in the name or identity of the crime charged." In this case, the amendment did not result in a change in the name or identity of the offense. Nor does the record demonstrate any prejudice to Jones, who

5

did not seek a continuance. *See State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 13-16 (10th Dist.).

{¶19}   Because the endangering complaint was sufficient to provide Jones with notice that he was charged with a violation of R.C. 2919.22(A), the trial court did not err by denying Jones's motion that claimed dismissal was necessary based on the state's initial failure to include the relevant subsection in the charging instrument.

{¶20}   Jones also suggests that the endangering-children complaint was defective, and dismissal was appropriate, because the complaint failed to set forth all the elements of the offense.  According to Jones, the complaint did not contain language providing that Jones had "create[d] a substantial risk to the health or safety of the child," and instead, merely stated that Jones had "endanger[ed]" the children, one of whom was his.

{¶21}   In support of his argument, Jones cites *State v. Foley*, 1st Dist. Hamilton No. C-820095, 1982 Ohio App. LEXIS 14586 (Dec. 22, 1982).  In *Foley*, the complaint and affidavit purporting to charge the offense of criminal damaging omitted the essential element of knowledge.  The defendant moved to dismiss the complaint as insufficient to charge the offense.  The trial court overruled the defendant's motion to dismiss, and he was convicted after a jury trial.  On appeal, this court held that, as a result of the omission of the material element of knowledge in the charging instrument, the complaint was "insufficient to charge the offense and fatal to the validity of the proceedings thereunder."

{¶22}   But *Foley* is distinguishable from this case.   Jones did not move in the trial court to dismiss the endangering complaint on the grounds that it did not contain an essential element of the offense.  And the Ohio Supreme Court has held that a defendant who has failed to timely object to an alleged defect in an indictment

that related to an omitted element has waived all but plain error on appeal. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46.

{¶23} To recognize plain error under Crim.R. 52(B), there must be an error that both constitutes an "obvious" defect in the trial proceedings and affects the defendant's "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶24} Jones has failed to demonstrate any error, much less plain error. R.C. 2919.22(A) makes the "creat[ion] [of] a substantial risk to the health or safety of the child" an essential element of the crime of endangering children under that subsection. But the state is not required to use the exact language of the statute to comply with Crim.R. 3's requirement that the complaint include the essential facts of the offense. We believe the state's allegation that Jones had "endanger[ed]" the children by "allowing his passenger to inject and overdose on heroin while a passenger of the vehicle that the said children were in" was sufficiently equivalent to the statutory language of "create a substantial risk to the health or safety of the child" to provide Jones notice of this element.

{¶25} Accordingly, we find no error in the trial court's denial of Jones's motion to dismiss the endangering children complaint.

{¶26} *Dismissal of the Obstructing Complaint.* Next Jones argues that the trial court erred by denying his motion to dismiss the obstructing-official-business complaint. Jones argued to the trial court that the complaint was defective because the state failed to identify a subsection of the obstructing statute in the complaint. In overruling his motion, the trial court noted that the statute pertaining to obstructing contains only one charging section and, therefore, no subsection was required.

{¶27} Jones does not challenge that determination on appeal. Instead, he argues now that the obstructing complaint was defective and subject to dismissal because it failed to allege all the elements of the offense. Specifically, according to

7

Jones, the complaint alleged only that Jones had lied to the investigating officer and not that he had "achieved the intended effect of his lies"—to hamper or impede the officer.

{¶28} Because Jones failed to object to the complaint on this basis before the trial court, he has waived all but plain error. *Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, at ¶ 46. To meet the plain-error standard, he must demonstrate that an obvious error occurred and that that error affected the outcome of the trial. *See, e.g.*, *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240.

{¶29} Here Jones cannot demonstrate plain error. The record demonstrates that Jones and the trial court were well aware that "to hamper or impede" was an essential element of the offense. For instance, Jones argued that the state had failed to demonstrate that his fabrication "had hampered or impeded" an investigation when he argued for acquittal at the end of the state's case-in-chief and at the close of all the evidence.

{¶30} And it was undisputed that Officer Waksmundski had contacted the Cincinnati Police Department for an officer to confirm or contradict Jones's false statement to Officer Waksmundski during his investigation of an overdosed passenger in a vehicle containing three young children. Under these circumstances, it is evident that Jones was sufficiently informed of the charges against him and that any defect in the indictment resulting from the state's failure to allege that Jones had hampered or impeded the officer's investigation did not affect the outcome of the trial. *Compare Neese*, 114 Ohio App.3d at 95, 682 N.E.2d 1038.

{¶31} Accordingly, we overrule the first assignment of error.

### Sufficiency of the Evidence

{¶32} In his second assignment of error, Jones contends that the evidence was insufficient as a matter of law to sustain his convictions.

8

{¶33} The test for the sufficiency of the evidence required to sustain a conviction is whether, after viewing all the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact. *See State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, 968 N.E.2d 27, ¶ 25 (1st Dist.).

{¶34} *Endangering Children*. According to Jones, the record is devoid of evidence demonstrating that he was aware that Higdon intended to inject heroin while a passenger in his vehicle. Therefore, he argues, the state failed to prove the existence of the culpable mental state of recklessness, an essential element of the crime of endangering children as set forth in R.C. 2919.22(A). *See State v. McGee*, 79 Ohio St.3d 193, 195, 680 N.E.2d 975 (1997).

{¶35} Although Jones is correct that the offense centered on the injection of and the overdose on heroin in the presence of his child, he is wrong in his assertion that the state was required to prove that Jones knew that Hidgon would inject the heroin in the presence of the child. Instead, the state was only required to prove that Jones had perversely disregarded a known risk of that result. R.C. 2901.11(C) ("A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature.").

{¶36} We conclude that the state presented sufficient evidence of recklessness. Officer Waksmundski testified that Jones had admitted that he had driven Hidgon and the children to Cincinnati with the purpose of purchasing heroin.

9

And Jones himself testified that he had been to drug rehabilitation and, thus, he must have been aware of the power of addiction. Based on these facts, a reasonable person could find that Jones had recklessly created a substantial risk to the health and safety of his child, by violating a duty of care and protection, when Higdon overdosed in Jones's vehicle and in the presence of Jones's child.

{¶37} *Obstructing Official Business.* Jones argues that the evidence was insufficient to sustain the obstructing-official-business conviction because the state failed to demonstrate that his lie actually hampered or impeded Officer Waksmundski in his investigation. According to Jones, the officer did not believe his explanation that he found Higdon in a restaurant parking lot, as demonstrated by the officer's arrangement for his continued detention while the officer spoke to Higdon.

{¶38} "The making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of * * * R.C. 2921.31(A)." *State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), syllabus. But the evidence must demonstrate the lie, made with intent to hamper or impede an investigation, actually had that effect. *See State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, 906 N.E.2d 1203, ¶ 9 (1st Dist.); *State v. McCrone*, 63 Ohio App.3d 831, 834, 580 N.E.2d 468 (9th Dist.1989).

{¶39} To hamper or impede as contemplated by the statute, the defendant's statement or action must create some "substantial stoppage" of the officer's progress. *State v. Stephens*, 57 Ohio App.2d 229, 230, 387 N.E.2d 252 (1st Dist.1978). This "substantial stoppage" is not defined by a particular period of time, however. *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 17 (1st Dist.).

{¶40} In this case, Officer Waksmundski was investigating how Higdon came to be in an overdosed condition and in a vehicle carrying three young children. We agree with Jones that the evidence showed that Officer Waksmundski was suspicious

10

that Higdon had overdosed in the presence of the children even after Jones had told him otherwise. But we conclude that Jones's lie actually hampered and impeded Officer Waksmundski's investigation because it caused the officer to send a police unit to the restaurant to verify or contradict Jones's initial statement before charging Jones and possibly Higdon with the offense of endangering children. Under these circumstances, the evidence was sufficient to show that Jones's conduct constituted the offense of obstructing official business.

{¶41} Because the state presented sufficient evidence in support of the endangering-children and obstructing-official-business offenses, we overrule the second assignment of error.

## Conclusion

{¶42} The judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT, P.J., CUNNINGHAM** and **FISCHER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.