[Cite as *State v. Elkins*, 2017-Ohio-7117.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 16CA010965 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN R. ELKINS | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 16CR093101 |

DECISION AND JOURNAL ENTRY

Dated: August 7, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Stephen R. Elkins, appeals the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} On February 5, 2016, the Lorain County Grand Jury indicted Elkins on the following five counts: (I) burglary in violation of R.C. 2911.12(A)(1), a second-degree felony; (II) abduction in violation of R.C. 2905.02(A)(2), a third-degree felony; (III) violating protection order or consent agreement in violation of R.C. 2919.27(A)(1), a third-degree felony; (IV) disrupting public services in violation of R.C. 2909.04(A)(3), a fourth-degree felony; and (V) domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony. The indictment arose from an incident that occurred on November 17, 2015, where Elkins violated a civil protection order by breaking into his ex-fiancée's house at night. While in the home, Elkins physically abused his ex-fiancée for several hours and forcibly prevented her from leaving. Elkins pleaded

not guilty to all of the charges contained in the indictment and the matter ultimately proceeded to a jury trial.

{¶3} At trial, three witnesses testified on behalf of the State. At the close of the State's case-in-chief, Elkins made a Crim.R. 29 motion for judgment of acquittal on all counts, which the trial court denied. One witness testified on behalf of the defense before the defense rested its case. The jury then deliberated and found Elkins guilty on all counts. The trial court subsequently sentenced Elkins according to law.

{¶4} Elkins filed this timely appeal and presents two assignments of error for our review. To facilitate our analysis, we elect to address Elkins' assignments of error in reverse order.

II.

**Assignment of Error II**

**Mr. Elkins was denied due process of law in violation of his Fourteenth Amendment to the U.S. Constitution and the Ohio Constitution as the verdict and judgment were based upon legally insufficient evidence.**

{¶5} In his second assignment of error, Elkins argues that his convictions are unsupported by sufficient evidence. We disagree.

{¶6} "'We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'" *State v. Smith*, 9th Dist. Summit No. 27389, 2015-Ohio-2842, ¶ 17, quoting *State v. Frashuer*, 9th Dist. Summit No. 24769, 2010-Ohio-634, ¶ 33. A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a

reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* Although we conduct de novo review when considering a sufficiency of the evidence challenge, "we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120571, 2013-Ohio-4775, ¶ 33.

**{¶7}** This matter implicates Elkins' convictions for burglary, abduction, violating a protection order or consent agreement, disrupting public services, and domestic violence. Elkins' basis for arguing that his convictions are unsupported by sufficient evidence is that Tim Robinson, an investigator with the Lorain County Prosecutor's Office, testified about a cell phone experiment that he conducted, from which he concluded that it was "very easy" to mask who was actually sending a text message from his cell phone. According to Elkins, Mr. Robinson testified about this experiment despite having "no knowledge, training or experience for cell phone investigations and [having] no factual basis that" the technique utilized in his experiment was actually "used in this instance." However, this argument is akin to a manifest weight of the evidence argument. Indeed, the argument section of Elkins' second assignment of error neither cites to the criminal statutes at issue in this case, nor articulates which material element(s) of the various offenses that the State failed to support with any evidence at trial. To the extent that Elkins is attempting to challenge the manifest weight of Mr. Robinson's trial testimony, that challenge is beyond the scope of his stated assignment of error and, therefore, will not be addressed by this Court. *See, e.g., State v. Bennett*, 9th Dist. Lorain No.

14CA010579, 2015-Ohio-2887, ¶ 13 (noting that an appellant's assignment of error provides a roadmap for an appellate court's review).

{¶8}  Elkins' second assignment of error is overruled.

### Assignment of Error I

**Mr. Elkins's convictions are against the manifest weight of the evidence in violation of the due process clause of the 14th Amendment to the U.S. Constitution and of the Ohio Constitution.**

{¶9}  In his first assignment of error, Elkins argues that his convictions are against the manifest weight of the evidence.  Specifically, Elkins contends that the jury clearly lost its way in convicting him on all counts because the victim's testimony was not credible.  We disagree.

{¶10} A sufficiency challenge is legally distinct from a manifest weight challenge.  *Thompkins*, 78 Ohio St.3d at 387.  Accordingly, when applying the manifest weight standard, we are required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson*, 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *Thompkins* at 387.

{¶11} Elkins argues that his convictions are against the manifest weight of the evidence because the victim's testimony, which was the only evidence connecting him with the various offenses, was not credible.  Specifically, Elkins contends that the victim's testimony was not credible since "she could not recall which hospital she went to, did not take photos of all of her

injuries, and the injuries could be attributed to [an] earlier hospital visit in which she says she was drunk and fell down the stairs yet later recant[ed] her story." Additionally, Elkins asserts that the victim's testimony is not credible because she purportedly sent him text messages at 9:30 p.m. on the day in question, which is "the same exact time that [she] claims [he] entered her home." Moreover, Elkins asserts that the victim's testimony was belied by his own witness' testimony, where his friend, Marie Eckl, testified that Elkins was with her at her home during the time that he is alleged to have committed the offenses in this matter.

{¶12} After a thorough review of the record, we cannot say that this is the exceptional case where the evidence weighs heavily against conviction. During her testimony, the victim stated that Elkins physically abused her during their multi-year relationship and that she eventually sought and was granted a five-year civil protection order against Elkins in 2015. The State introduced a copy of that civil protection order into evidence. The victim testified that Elkins broke into her home on the night of November 17, 2015, at which time he took her cell phone and would not return it to her. The victim then recounted how Elkins become irate after viewing some pictures on her phone. She testified that Elkins physically abused her for approximately five hours by grabbing, biting, choking, dragging, flicking, and hitting her. She also testified that Elkins pulled her hair, spit on her, and attempted to urinate on her. Moreover, the victim testified that Elkins refused to let her leave and even "secured" her while she slept by wrapping both of his arms around her to ensure that she could not leave. The victim testified that Elkins returned her cell phone to her the following morning and permitted her to go to work, at which time she called the police and reported the incident. Lastly, the victim testified that Elkins' actions left her with missing hair, "bruises all up and down [her] body," with choke

marks on her neck, with bruises on her mouth and face, and with a "nose [that] was busted open."

{¶13} Although Elkins asserts that his ex-fiancée's testimony is not credible because she sent him text messages at the time that he was allegedly in her home, the victim denied sending those text messages. The victim also testified that her injuries were not caused by falling down the stairs, but instead were caused by Elkins on the day in question. Moreover, although Marie Eckl testified that Elkins was with her at the time that the offenses purportedly occurred, "the jury is free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. Here, the jury apparently believed the victim's testimony, which was that Elkins violated a civil protection order by breaking into her home on the night of November 17, 2015, where he physically restrained and abused her for several hours. This Court has held that a verdict is not against the manifest weight of the evidence merely because the jury found the State's witnesses to be credible. *State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28. Under the circumstances of this case, we cannot say that the jury clearly lost its way in convicting Elkins of burglary, abduction, violating a protection order or consent agreement, disrupting public services, and domestic violence.

{¶14} Elkins' first assignment of error is overruled.

III.

{¶15} With both of Elkins' assignments of error having been overruled, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.