[Cite as *State v. Castaneda*, 2019-Ohio-4389.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 18CA0087-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TOMAS G. CASTANEDA III | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17 CR 0735 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2019

---

HENSAL, Judge.

{¶1} Tomas Castaneda appeals his convictions for sexual battery and unlawful sexual conduct with a minor from the Medina County Court of Common Pleas. This Court reverses.

I.

{¶2} This appeal involves sexual conduct that occurred at a high school graduation party where alcohol was being served to minors. Relevantly, the victim had just completed her sophomore year of high school, and was 15 years and 10 months old at the time of the party. The party was for her friend S.N., whom she knew from participating in the same dance group. The victim also knew one of the other attendees, E.R., through the same dance group. All three girls went to different high schools. The victim admitted that she drank several alcoholic beverages at the party, which lasted into the early hours of the morning.

{¶3} Mr. Castaneda is S.N.'s friend. He arrived at the party after the victim. Shortly thereafter, S.N. briefly introduced the victim to Mr. Castaneda. Mr. Castaneda left the party at

one point, but returned around 4:00 a.m., at which point the party had wound down. When Mr. Castaneda returned, the victim was on the living room couch, and E.R. was in the bathroom getting sick from consuming too much alcohol. According to E.R., she emerged from the bathroom and was greeted by Mr. Castaneda. A short while later, the victim and Mr. Castaneda started kissing on the living room couch. At one point, E.R., who was seated on the opposite side of the same couch, moved over and started "cuddling" with the victim and Mr. Castaneda. She eventually moved back to the other side of the couch, and the victim and Mr. Castaneda continued to kiss. As they continued to kiss, E.R. asked the victim periodically if she was ok, and the victim responded that she was, but that she did not know who she was kissing. E.R. responded that it was Mr. Castaneda, and the victim "just kind of nod[ded] her head." E.R. then heard Mr. Castaneda suggest that he and the victim should have sex, at which point E.R. stepped in and said "[n]o" because she knew the victim had been drinking and "wouldn't have been okay with that." According to E.R., the victim and Mr. Castaneda then kissed for a while longer, and she (E.R.) fell asleep.

{¶4} According to the victim, she had several drinks at the party, which caused her to get sick around 2:00 a.m., and then again around 3:00 a.m. or 4:00 a.m. After that, she and E.R. went to lie down on the living room couch. The victim fell asleep for a short while, but awoke when E.R. went to get sick in the bathroom. She recalled that at some point thereafter, Mr. Castaneda was sitting on the couch with her. The victim testified that she and Mr. Castaneda started kissing, that he pulled her shorts off and inserted his finger into her vagina, and that he eventually suggested that they should have sex, to which she responded "[n]o." According to the victim, E.R. heard this exchange and separated her from Mr. Castaneda. The victim then fell asleep, and Mr. Castaneda slept elsewhere in the house.

**{¶5}** When she awoke, the victim noticed that her shorts were on backwards, and that her underwear was behind a pillow on the couch. The victim did not tell anyone about the incident until later that day when she confided in a male friend. That friend contacted the victim's mother, and the victim eventually went to the hospital to be evaluated. The hospital then contacted the police. Prior to the police contacting Mr. Castaneda, Mr. Castaneda contacted them and voluntarily gave a video-recorded statement about the events that transpired. According to his recorded statement, which the State played for the jury, Mr. Castaneda did not know whether the victim had been drinking because he did not drink with her at the party, but he was "pretty sure" she had been. He also indicated that he did not know the victim was 15 years old because everyone else at the party was over 18. According to him, everything that occurred, including the kissing and inserting his finger into the victim's vagina, was consensual.

**{¶6}** A grand jury indicted Mr. Castaneda on one count of sexual battery in violation of Revised Code Section 2907.03(A)(2), and one count of unlawful sexual conduct with a minor in violation of Section 2907.04(A). Mr. Castaneda pleaded not guilty, and the matter proceeded to a jury trial. At trial, the State presented testimony from the victim, E.R., and the detective who interviewed Mr. Castaneda. The defense presented no evidence. The jury found Mr. Castaneda guilty of both charges, and he now appeals, raising five assignments of error for our review. To facilitate our review, we will address Mr. Castaneda's assignments of error out of order.

II.

ASSIGNMENT OF ERROR II

THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT APPELLANT'S UNLAWFUL SEXUAL CONDUCT WITH A MINOR CONVICTION.

**{¶7}** In his second assignment of error, Mr. Castaneda argues that the State presented insufficient evidence to support his conviction for unlawful sexual conduct with a minor. This Court agrees.

**{¶8}** A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "[T]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Although we conduct a de novo review, "we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120751, 2013-Ohio-4775, ¶ 33.

**{¶9}** As previously noted, Mr. Castaneda was convicted of unlawful sexual conduct with a minor in violation of Section 2907.04(A). That Section provides that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." R.C. 2901.22(C).

**{¶10}** Here, there was no dispute at trial that Mr. Castaneda was 18 years old at the time of the party, and that he engaged in sexual conduct with the 15-year-old victim, who was not his

spouse. The remaining issue at trial, therefore, was whether Mr. Castaneda knew the victim was less than 16 years old, or was reckless in that regard.

{¶11} The evidence presented at trial indicated that the victim and Mr. Castaneda did not go to the same high school, that they did not know each other prior to the party, and that – other than being briefly introduced – they did not talk at the party until they were on the living room couch together. The victim acknowledged that most, if not everyone, at the party was 18 years old or older. She testified that she talked to some people at the party about the fact that she was younger than them, but acknowledged that she never talked to Mr. Castaneda about her age or what grade she was in. Even viewing the evidence in a light most favorable to the State, we cannot say that the State presented sufficient evidence to establish that Mr. Castaneda knew the victim was less than 16 years old. We now turn to whether he was reckless in that regard.

{¶12} While the State presented a picture of the victim that was taken near the time of the incident, there was no testimony that the victim looked young for her age, or that there was otherwise reason for Mr. Castaneda to suspect or believe that the victim was younger than the other party attendees. Given the context in which Mr. Castaneda and the victim met (i.e., a high school graduation party where most – if not all – of the party attendees were 18 years old or older) and the lack of evidence indicating that Mr. Castaneda, "disregard[ed] a substantial and unjustifiable risk" that the victim was under the age of 16, we cannot say that the State presented sufficient evidence to establish that Mr. Castaneda acted recklessly with respect to the victim's age. R.C. 2901.22(C); *Compare State v. Brown*, 9th Dist. Lorain No. 08CA009328, 2008-Ohio-6349, ¶ 22-24 (holding that the State presented sufficient evidence to establish that the defendant acted recklessly with respect to the victim's age). Accordingly, we sustain Mr. Castaneda's second assignment of error.

ASSIGNMENT OF ERROR IV

THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT APPELLANT'S SEXUAL BATTERY CONVICTION.

{¶13} In his fourth assignment of error, Mr. Castaneda argues that the State presented insufficient evidence to support his conviction for sexual battery. We apply the same sufficiency standard set forth in our analysis of Mr. Castaneda's second assignment of error.

{¶14} Section 2907.03(A)(2), under which Mr. Castaneda was convicted, provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired." "The phrase 'substantially impaired,' in that it is not defined in the Ohio Criminal Code, must be given the meaning generally understood in common usage." *State v. Zeh*, 31 Ohio St.3d 99, 103 (1987). "[S]ubstantial impairment must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appraise the nature of h[er] conduct or to control h[er] conduct." *Id.* at 103-104. "[T]he existence of a substantial impairment may be proven by the victim's testimony." *State v. Dasen*, 9th Dist. Summit No. 28172, 2017-Ohio-5556, ¶ 19.

{¶15} As previously noted, there was no dispute at trial that Mr. Castaneda engaged in sexual conduct with the victim, who was not his spouse. The issue at trial, therefore, was whether the State presented sufficient evidence to establish that Mr. Castaneda knew that the victim was substantially impaired. We conclude that it did not.

{¶16} This Court has acknowledged that intoxication does not always equate to substantial impairment, and that "the minimal statement, standing alone, that someone was intoxicated would not be sufficient to demonstrate substantial impairment absent other indicia[.]" *State v. Hansing*, 9th Dist. Lorain No. 16CA011053, 2019-Ohio-739, ¶ 14, 28. Here, the victim

testified that she had several drinks throughout the course of the evening, and that she was intoxicated, which caused her to get sick. E.R., who had been drinking with the victim, also testified that the victim was intoxicated. Notably, neither the victim nor E.R. testified that the victim's speech was slurred, that she was stumbling or falling, or that she otherwise exhibited signs of intoxication.

{¶17} Other than the statements from the victim and E.R. indicating that the victim was intoxicated, the record contains no evidence to support the State's position that the victim was substantially impaired. Rather, the record indicates that E.R. periodically asked the victim if she was ok while she and Mr. Castaneda were kissing, and that the victim indicated that she was. According to E.R., the "cuddling" between the victim and Mr. Castaneda appeared to be consensual. Further, the victim testified at length regarding the events that transpired, recalling details such as: E.R. getting sick; where she, E.R., and Mr. Castaneda were located on the couch; the position of a blanket over her body; Mr. Castaneda taking her shorts and underwear off; Mr. Castaneda touching her legs, buttocks, and vagina; Mr. Castaneda suggesting they have sex and telling him no to further sexual conduct; and E.R. separating her from Mr. Castaneda. This testimony does not support a conclusion that the victim experienced a "reduction, diminution or decrease in [her] ability, either to appraise the nature of h[er] conduct or to control h[er] conduct." *Zeh*, 31 Ohio St.3d 99, at 103-104; *State v. Rivera*, 8th Dist. Cuyahoga No. 97091, 2012-Ohio-2060, ¶ 25, 29 (holding that the State failed to present sufficient evidence of substantial impairment when the victim's "testimony demonstrated that she was aware of the events as they happened and made conscious decisions about her participation.").

{¶18} Even if this Court could conclude that sufficient evidence existed to support the State's position that the victim was substantially impaired, nothing in the record indicates that

Mr. Castaneda knew or should have known that she was substantially impaired. While Mr. Castaneda acknowledged in his recorded statement that he was "pretty sure" the victim had been drinking, that does not equate to him knowing that she was substantially impaired. The record indicates that the victim and Mr. Castaneda did not drink together at the party, and that Mr. Castaneda was not present when the victim got sick. At most, the record indicates that Mr. Castaneda knew the victim had been drinking. *Compare State v. Hatten*, 186 Ohio App.3d 286, 2010-Ohio-499, ¶ 25 (2d Dist.) (citing cases wherein the evidence indicated that the defendant knew or should have known that the victim was substantially impaired). While this Court does not condone the events that transpired or wish to appear insensitive or unsympathetic to victims of sexually based offenses, a challenge to the sufficiency of the evidence asks the question of whether the State met its legal burden. Under these facts, it did not. Accordingly, Mr. Castaneda's fourth assignment of error is sustained.

## ASSIGNMENT OF ERROR I

APPELLANT WAS DENIED DUE PROCESS AND A FAIR AND IMPARTIAL TRIAL BASED ON PROSECUTORIAL MISCONDUCT DURING THE STATE OF OHIO'S CLOSING ARGUMENT.

## ASSIGNMENT OF ERROR III

APPELLANT'S CONVICTION FOR UNLAWFUL SEXUAL CONDUCT WITH A MINOR PURSUANT TO OHIO REVISED CODE [ ] 2907.04(A)(B)(2) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR V

APPELLANT'S CONVICTION FOR SEXUAL BATTERY PURSUANT TO OHIO REVISED CODE [ ] 2907.03(A)(2) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶19} In light of this Court's disposition of Mr. Castaneda's second and fourth assignments of error, his remaining assignments of error are moot, and are overruled on that basis. *See* App.R. 12(A)(1)(c).

III.

{¶20} Mr. Castaneda's second and fourth assignments of error are sustained. Mr. Castaneda's first, third, and fifth assignments of error are overruled as moot. The judgment of the Medina County Court of Common Pleas is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JAY MILANO and KATE PRUCHNICKI, Attorneys at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.