{¶ 1} Defendant-appellant, George Smith ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} Appellant was released from prison on March 22, 2004, after serving nearly 20 years for his conviction of rape. Appellant failed to attend various required meetings and sex offender counseling classes and was taken into custody by the Adult Parole Authority on November 24, 2004. A hearing was held on December 16, 2004 to readvise appellant of his obligations as a parolee and a registered sexual predator. Appellant admitted at the hearing that he was directed to attend classes but did not. He was released from custody on December 21, 2004 and again placed under parole supervision. Appellant subsequently missed a standard meeting with his assigned parole officer on January 14, 2005 and did not report from that day forward.
 {¶ 3} On January 31, 2005, appellant was declared "whereabouts unknown" by the parole board. This event generated Case No. CR-464796, charging appellant with escape, R.C. 2921.34, the first of the three single-count indictments being considered in this appeal. On March 21, 2005, appellant turned himself in at the parole board office. A second parole hearing was conducted on April 13, 2005, which appellant attended. He was again advised of his responsibility to attend the sex offender classes. Appellant was released from the custody of the parole board *Page 4 
on April 29, 2005. He failed to report to his parole officer on May 1, 2005 and May 18, 2005. On May 11, 2005, the Adult Parole Authority revoked appellant's status and began the process that would generate Case No. CR-469079. This case was also for a single count of escape, R.C. 2921.34.
 {¶ 4} On June 30, 2005, appellant was arrested by the Adult Parole Authority for the crime of escape, R.C. 2921.34. Appellant had previously failed to keep appointments with his parole officer for standard meetings and sex offender classes. In addition, appellant failed to verify his address on May 3, 2005 with the Cuyahoga County Sheriff's Office, a violation of R.C. 2950.06.
 {¶ 5} Overall, appellant was indicted in three separate cases: CR-464796; CR-467583 and CR-469079 on April 21, 2005, June 30, 2005 and August 4, 2005, respectively. Each indictment was for a single charge. The indictments issued were comprised of two counts of escape, R.C.2921.34, felonies of the second degree, and a single count of failure to verify address, R.C. 2950.06, a felony of the third degree.
 {¶ 6} After a series of pretrials, the matter proceeded to a jury trial on February 8, 2006. On February 10, 2006, the jury returned guilty verdicts on all counts. On March 7, 2006, appellant was sentenced to two years on each escape charge and one year on the failure to verify address charge. All sentences were ordered to run concurrently, for a total prison term of two years. Appellant then filed his notice of appeal on April 7, 2006. *Page 5 
 II {¶ 7} First assignment of error: "The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 8} Second assignment of error: "Appellant's conviction is against the manifest weight of the evidence."
 III {¶ 9} Because of the substantial interrelation between appellant's two assignments of error, we shall address them together. Appellant argues that the lower court erred in denying his motion for acquittal and that the conviction was not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 10} The test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same challenge based upon the sufficiency of the evidence to support a conviction. The standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence is as follows: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a *Page 6 
reasonable doubt. State v. Thompson (1998), 127 Ohio App.3d 511,713 N.E.2d 456.
 {¶ 11} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 12} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jurors that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, their verdict shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is *Page 7 
against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 13} As to a claim that a judgment is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983),20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 14} It is with the above standards in mind that we begin our analysis of the case at bar. The record demonstrates that substantial evidence and direct testimony were presented at trial. Kelli O'Brien, Amy Speaks, Dave Tompkins, and Carol Johnson all testified at appellant's jury trial.
 {¶ 15} Officer Kelli O'Brien of the Ohio Adult Parole Authority testified that appellant failed to attend sex offender counseling on July 2, 2004.[1] O'Brien further testified appellant was first made aware of his parole obligation, including sex *Page 8 
offender counseling, prior to his release from prison. Appellant signed a form acknowledging these obligations within three days of his release from prison. Moreover, appellant failed to attend a November 5, 2004 sex offender class, despite being told to do so by O'Brien on October 27, 2004.
 {¶ 16} Parole officer Amy Speaks testified appellant was instructed on April 29, 2005 to appear at the parole offices on May 1, 2005 and May 18, 2005, but appellant failed to appear on either day. Officer Speaks was present for the next parole hearing on August 11, 2005, where appellant demonstrated a lack of respect for the parole board and used "curse words" toward the hearing officer.[2]
 {¶ 17} Detective Dave Tompkins testified that his current duties include the recordkeeping and monitoring of sex offenders residing in Cuyahoga County. Detective Tompkins testified that appellant was notified in writing, prior to his initial release from prison on March 19, 2004, to appear at the Cuyahoga County Sheriff's Office on March 29, 2004 for registration as a sexual predator. Appellant kept that appointment, but signed an acknowledgment form "under duress."[3]
Appellant kept the next appointment 90 days later and again signed an acknowledgment form "under duress."
 {¶ 18} However, on December 24, 2004, appellant failed to appear at his required sexual predator registration appointment. Detective Tompkins testified that *Page 9 
reminder letters were mailed to all registered sex offenders at least two weeks before their next reporting date. Detective Tompkins also testified that he sent the reminder letters as a courtesy and not as an obligation to the registrants. He further testified that a certified letter was sent to the appellant on January 7, 2005, informing the appellant of the potential consequences of failing to verify his address with the Cuyahoga County Sheriff's Office.
 {¶ 19} Based on the substantial evidence in the record, we find no error on the part of the lower court concerning appellant's motion for acquittal. Moreover, we find the evidence in the record to be legally sufficient to support the jury verdict as a matter of law. We find that there is substantial evidence upon which the court could reasonably conclude appellant committed the crimes of escape and failure to verify address.
 {¶ 20} Accordingly, appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANN DYKE, J., CONCUR
[1] Tr. 89.
[2] Tr. 143.
[3] Tr. 166. *Page 1