[Cite as *State v. Taylor*, 2022-Ohio-1681.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2021-0035 |
| DAVID TAYLOR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  CR2020-0638


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 18, 2022


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RONALD L. WELCH                         JAMES A. ANZELMO
PROSECUTING ATTORNEY                    ANZELMO LAW
TAYLOR P. BENNINGTON                    446 Howland Drive
ASSISTANT PROSECUTOR                    Gahanna, Ohio  43230
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43701

*Wise, J.*

**{¶1}**   Defendant-Appellant David Taylor appeals his conviction entered in the Muskingum County Court of Common Pleas on one count of Escape, following a jury trial.

**{¶2}**   Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**   The relevant facts and procedural history are as follows:

**{¶4}**   Appellant David Taylor was under supervision with the Department of Rehabilitation and Corrections from a prior criminal conviction. On August 26, 2020, Appellant's supervision was transferred to Muskingum County from Franklin County.

**{¶5}**   Appellant was to report to Doug Nutter with the Adult Parole Authority. Appellant's initial visit was scheduled for August 26, 2020. Appellant met with Officer Nutter and was informed he would need to meet the second Tuesday of each month.

**{¶6}**   Appellant was next scheduled to meet with Officer Nutter on September 8, 2020. At that appointment, Appellant stated he had no questions as to his reporting requirements. Mr. Nutter also emphasized to Appellant that if he failed to report, he would likely be charged with escape. (T. at 146).

**{¶7}**   Appellant's next date to report to Officer Nutter was on October 13, 2020. On said date, Appellant failed to show or contact Mr. Nutter.  Mr. Nutter attempted to make contact by phone but was unsuccessful. *Id.* at 148.

**{¶8}**   On November 6, 2020, Officer Nutter went to Appellant's residence in an attempt to make contact, but no one answered the door. Mr. Nutter then declared Appellant a Violator At Large, due to the fact that Appellant had failed to appear and his whereabouts were unknown. *Id.* at 148.

**{¶9}** On November 10, 2020, Officer Nutter made contact with Appellant by telephone. Mr. Nutter informed Appellant he had now missed two office visits. The phone call was then disconnected. When Mr. Nutter attempted to call back, the call went straight to Appellant's voicemail. Appellant never attempted to contact Mr. Nutter after this.

**{¶10}** On November 23, 2020, Officer Nutter was again able to make contact with Appellant by phone. At that time, Mr. Nutter offered Appellant one last chance to meet with him before getting a warrant. Mr. Nutter ordered Appellant to report the next day, November 24, 2020.

**{¶11}** On November 24, 2020, Appellant failed to report.

**{¶12}** During the months that Appellant was failing to report, he did not provide a reason or excuse, nor did he request to reschedule.

**{¶13}** Eventually, Officer Nutter made contact with Appellant and ordered him to report on December 8, 2020, so that he could be taken into custody. Appellant did report and was arrested.

**{¶14}** On December 16, 2020, Appellant was indicted on one count of Escape, a felony of the fifth degree, in violation of R.C. §2921.34(A)(3).

**{¶15}** On January 5, 2021, Appellant entered a plea of not guilty.

**{¶16}** On May 27, 2021, a jury trial commenced in this matter.

**{¶17}** At trial, the jury heard testimony from Officer Nutter which included statements by him that he learned from Appellant's previous parole officer that Appellant had a history of missing visits. (T. at 194-95). Officer Nutter testified that he received that information from a report compiled by the previous parole officer. (T. at 194-95). Appellant's trial counsel objected to the testimony as hearsay. The trial court overruled

the objection because Officer Nutter obtained the information in a report from the previous parole officer. (T. at 194-95).

**{¶18}** Officer Nutter also testified to other instances in which Appellant missed visits with him but was not charged for missing the visits. (T. at 146, 176). Additionally, Officer Nutter testified that Appellant had previously been convicted of escape due to previously missing visits. (T. at 196). Appellant's trial counsel objected to that testimony and moved for a mistrial. (T. at 196). The trial court denied the motion for mistrial, but instructed the jury to disregard the testimony about the prior escape conviction. (Tr. at 196-198).

**{¶19}** The jury found Appellant guilty of the sole count in the indictment.

**{¶20}** On June 9, 2021, the trial court sentenced Appellant to a prison term of 12 months.

**{¶21}** Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

**{¶22}** "I. THE TRIAL COURT ERRED BY DENYING TAYLOR'S MOTION FOR A MISTRIAL IN VIOLATION OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶23}** "II. THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE PRIOR BAD ACTS OF TAYLOR, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶24}** "III. THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE INADMISSIBLE OUT OF COURT STATEMENTS, IN VIOLATION OF TAYLOR'S RIGHTS TO A FAIR TRIAL, AND TO DUE PROCESS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶25}** "IV. TAYLOR'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE ONE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶26}** "V. TAYLOR'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE 1OF THE OHIO CONSTITUTION."

**I.**

**{¶27}** In his first assignment of error, Appellant argues that the trial court erred in denying his motion for a mistrial. We disagree.

**{¶28}** The grant or denial of a mistrial rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 182. Moreover, mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. *State v. Franklin* (1991), 62 Ohio St.3d 118. "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." *Sage, supra* at 182.

**{¶29}** Here, Officer Nutter, during his re-direct examination, testified that Appellant had been found guilty of escape with his previous parole officer. Defense counsel objected and moved for a mistrial. Outside the presence of the jury, the trial court admonished Officer Nutter and instructed him not to mention the prior offense again. The trial court then gave a curative instruction to the jury to disregard Nutter's comment.

**{¶30}** It is well-established that juries are presumed to follow and obey the limiting instructions given them by the trial court. *State v. Davis*, 5th Dist. Richland No. 14 CA 34, 2015-Ohio-889, 31 N.E.3d 1204, ¶54, citing *State v. DeMastry*, 155 Ohio App.3d 110, 127, 799 N.E.2d 229, 2003-Ohio-5588, ¶84; *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991); *Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "A presumption always exists that the jury has followed the instructions given to it by the trial court." *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), at paragraph four of the syllabus, rehearing denied, 54 Ohio St.3d 716, 562 N.E.2d 163. A curative instruction is presumed to be an effective remedy for the introduction of improper statements during the course of a trial. *See State v. Zeurn*, 32 Ohio St.3d 56, 61, 512 N.E.2d 585 (1987). Moreover, a jury is presumed to follow the court's curative instructions concerning improper comments. *See State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶93 (stating that the jury can be presumed to have followed the court's instructions to disregard testimony).

**{¶31}** Upon review of the entire record, we find no "material prejudice". Officer Nutter's comment was fleeting and was unsolicited by the State. Considering the comment in light of the overwhelming evidence adduced at trial, we conclude Appellant did not suffer any material prejudice; therefore, the trial court did not abuse its discretion

in denying his motion for a mistrial. *See, State v. Draper*, 5th Dist. Knox No. 05-CA-17, 2006-Ohio-2396; *State v. Cobbins,* Cuyahoga App. No. 82510, 2004-Ohio-3736.

**{¶32}** Appellant's first assignment of error is overruled.

**II.**

**{¶33}** In his second assignment of error, Appellant argues that the trial court erred in admitting prior bad acts into evidence. We disagree.

**{¶34}** Appellant argues that the trial court erred in allowing testimony that Appellant had also missed appointments with a previous parole officer and that Appellant had also missed appointments with Officer Nutter other than the October 13, 2020, visit as charged in this case.

**{¶35}** The State argues that evidence of Appellant's history of missing visits was not introduced to prove Appellant's propensity of failing to show, but rather that it was offered to explain Officer Nutter's treatment of Appellee.

**{¶36}** Appellant's trial counsel did not object to the introduction of said evidence. By failing to object, Appellant has forfeited all but plain error. For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must have affected "substantial rights," meaning the error must have affected the outcome of the trial. *Shine-Johnson* at 102, quoting *State v. Urbina*, 10th Dist. No. 15AP-978, 72 N.E.3d 105, 2016-Ohio-7009, ¶43, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

**{¶37}** Upon review of the record, we find that Officer Nutter testified that Appellant was given numerous opportunities to report and still failed to do so. Even without the testimony of Appellant's history of missing appointments, we find there was sufficient evidence to find Appellant

guilty of escape. We therefore find the introduction of such evidence did not rise to the level of plain error as it did not affect the outcome of the trial.

**{¶38}** Appellant's second assignment of error is overruled

**III.**

**{¶39}** In his third assignment of error, Appellant argues the trial court erred in allowing hearsay statements into evidence. We agree but find the error to be harmless.

**{¶40}** Appellant argues the trial court erred in allowing Officer Nutter to testify that he learned from Appellant's previous parole officer that Appellant had a history of missing visits. Appellant claims the information from the report is inadmissible pursuant to Evid.R. 803(8).

**{¶41}** The State argues the testimony was not hearsay because it was not offered for the truth of the matter asserted, but rather to explain that Officer Nutter's treatment of Appellant was based on his knowledge of Appellant's history.

**{¶42}** The trial court found Officer Nutter's testimony was based on a report he read, and that the testimony was given on re-direct in response to cross-examination as to how and why Officer Nutter did things. (T. at 195).

**{¶43}** Upon review, we find that the statements by the prior parole officer were hearsay. However, we find the error in this case to be harmless because other evidence was presented as to Appellant having missed his appointments with Officer Nutter in support of the charge of Escape in this case. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.

**{¶44}** Based on the foregoing analysis, we find that allowing Officer Nutter to testify as to what he was told by Appellant's prior parole officer was error, but it was harmless error.

**{¶45}** Appellant's third assignment of error is overruled.

### IV., V.

**{¶46}** In his fourth and fifth assignments of error, Appellant argues his conviction is against the manifest weight and sufficiency of the evidence. We disagree.

**{¶47}** Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Accordingly, we address each legal concept individually.

**{¶48}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380,

¶19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

**{¶49}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

**{¶50}** Appellant herein was convicted of escape in violation of R.C. §2921.34(A)(3), which provides, "No person, knowing the person is under supervised release detention or being reckless in that regard, shall purposely break or attempt to break the supervised release detention * * *."

**{¶51}** R.C. §2921.34(D) defines "supervised release detention" as

[D]etention that is supervision of a person by an employee of the department of rehabilitation and correction while the person is on any type of release from a state correctional institution, other than transitional control

under section 2967.26 of the Revised Code or placement in a community-based correctional facility by the parole board under section 2967.28 of the Revised Code.

**{¶52}** Specifically, Appellant argues that his conviction is against the manifest weight and sufficiency of the evidence because the State failed to prove that he "purposely" broke supervised detention.

**{¶53}** "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. §2901.22(A).

**{¶54}** " ' "The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all other facts and circumstances in evidence." ' " *State v. Swaney*, 3d Dist. Auglaize No. 2-18-20, 2019-Ohio-3141, ¶11, quoting *State v. Puterbaugh*, 142 Ohio App.3d 185, 189 (4th Dist.2001), quoting *State v. Hardin*, 16 Ohio App.3d 243, 245 (10th Dist.1984). "Purpose can be established by circumstantial evidence." *State v. Kennedy*, 3d Dist. Logan No. 8-18-01, 2018-Ohio-4172, ¶ 25, citing *State v. Nicely*, 39 Ohio St.3d 147 (1988).

**{¶55}** Appellant argues that the State failed to provide sufficient evidence to support his escape conviction. Appellant does not contest that he was under supervised release detention. Rather, he argues that he did not "purposely" break the supervised release detention. Appellant argues he was "unable to meet with his parole officer because of employment" and "was not purposefully skipping the meeting". (Appellant's brief at 18).

**{¶56}** Upon our review of the record, we conclude that Appellant's escape conviction is supported by sufficient evidence. First, the State presented sufficient evidence to support a finding that Appellant broke his supervised release. The State presented unrefuted testimony that Appellant failed to report in from October 13, 2020 to his subsequent arrest on December 8, 2020. The State presented evidence that Appellant failed to follow the orders given to him by his supervising officer, despite being required to do so under the conditions of his supervision. Officer Nutter stated that he emphasized to Appellant that if he failed to report, he would likely be charged with escape. Officer Nutter offered undisputed testimony that Appellant failed to report in to his office despite his repeated orders to do so and Officer Nutter's repeated attempts to make contact with him, which included a visit to Appellant's residence.

**{¶57}** Although the State has the burden of proving each of the elements of the offense, the State is not required to provide a reason why Appellant failed to obey Officer Nutter's instructions, as such is not an element of the offense. Intent to commit a criminal offense may be inferred from the surrounding facts and circumstances and can be established through circumstantial evidence. *See Swaney*, 2019-Ohio-3141, at ¶11; *Kennedy*, 2018-Ohio-4172, at ¶25. " 'The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court.' " *In re Washington*, 81 Ohio St.3d 337, 340 (1998), quoting *State v. Huffman*, 131 Ohio St. 27 (1936), paragraph four of the syllabus. Thus, the fact that the State did not provide direct

testimony regarding Appellant's intent does not mean that the State failed to meet its burden of proof.

**{¶58}** Here, the record establishes that Appellant was aware of his Conditions of Supervision, which included the requirement that he follow all orders given to him by his supervising officer. Appellant failed to follow Officer Nutter's instructions and report as directed. These facts could allow the jury to infer that by failing to follow Officer Nutter's instructions, Appellant was acting with the intention to break his supervised release. Viewing the evidence in a light most favorable to the State, a rational trier of fact could have found that the State proved the purpose element of escape. *See State v. Smith*, 8th Dist. Cuyahoga No. 88002, 2007-Ohio-717, ¶ 3, 19 (affirming an escape conviction where the parole board declared the defendant "whereabouts unknown"). Accordingly, we conclude that Appellant's escape conviction is supported by sufficient evidence.

**{¶59}** Appellant's argument that his conviction is against the manifest weight of the evidence is based on the same argument as his sufficiency of the evidence claim, that is that the State failed to prove that he purposely broke supervised release detention.

**{¶60}** Having weighed the evidence and all reasonable inferences, and considering the credibility of the witnesses, we conclude that the jury did not clearly lose its way and create such a manifest miscarriage of justice that Appellant's conviction must be reversed. Accordingly, Appellant's conviction is not against the manifest weight of the evidence.

**{¶61}** Appellant's fourth and fifth assignments of error are overruled.

**{¶62}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.


JWW/kw 0517